**George TARDY, Jr., Appellant–Defendant,**

v.

**Lindberg CHUMRLEY,**
**Appellee–Plaintiff.**

**No. 45A05–9503–CV–78.**

Court of Appeals of Indiana.

Dec. 19, 1995.

Transfer Denied May 15, 1996.

Robert D. Brown, Spangler Jennings & Dougherty, Merrillville, for Appellant.

Randy A. Godshalk, King & Meyer, Gary, for Appellee.

## OPINION

SHARPNACK, Chief Judge.

George Tardy appeals the trial court's denial of his motion for relief from judgment based upon a default judgment entered against him. Plaintiff-appellee, Lindberg Chumrley was awarded monetary damages arising from the disputed ownership of a mutual fund, as well as damages from unpaid loans. Tardy raises three issues for our review but because we reverse, we address only the issue of whether the entry of default was premature and, therefore, void.

On April 20, 1992, Chumrley filed two suits against Tardy. In the first suit, Chumrley sought release of money in a mutual fund allegedly owned by Chumrley and repayment of several loans made by Chumrley to Tardy. In the second suit, Chumrley sought possession of his home, which Tardy occupied, and damages resulting from Tardy's residency. According to Tardy's affidavit, he received a summons and complaint in the mail on April 28, 1992. The summons indicated "you have twenty-three (23) days to answer if this summons was received by mail." Record, p. 211. Tardy stated he neither received another summons by mail nor was personally served.

On May 12, 1992, Tardy retained attorney, Julian Allen, to represent him. Tardy told Allen that he received a summons by mail on April 28, 1992. On May 13, 1992, Chumrley moved to obtain a default judgment against Tardy pursuant to Trial Rule 55(A). The default was granted, and a trial on the issue of damages was scheduled. Allen entered an appearance on May 22, 1992, and was given

until June 2, 1992, to respond to the complaint.

On November 16, 1992, the suits were consolidated and a bench trial was held on the issue of damages. On September 14, 1993, the trial court entered its findings of fact and conclusions thereon. The court awarded Chumrley three times the value of the money in the mutual funds, including interest, for a total of $330,828.54. In addition, the court awarded Chumrley $27,000 for the unpaid loans and $2600 in attorney's fees.

After filing his praecipe, Tardy petitioned this court for leave to file a T.R. 60(B) relief from judgment motion. We granted the motion and remanded the case to the trial court for consideration. On July 12, 1994, Tardy filed his motion for relief from judgment and a hearing was held. The court denied Tardy's motion, and this appeal ensued.

■ The dispositive issue for our review is whether the entry of default was improperly entered by the trial court and, therefore, Tardy's motion for relief from judgment was improperly denied. The motion for relief from judgment is governed by T.R. 60(B) which provides in pertinent part:

"On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default ... for the following reasons:

(1) mistake, surprise, or excusable neglect;

\* \* \* \* \* \*

(6) the judgment is void;

\* \* \* \* \* \*

(8) any reason justifying relief from the operation of the judgment...."

T.R. 60(B).

■ The decision of whether to set aside a default judgment is committed to the sound discretion of the trial court. *Boles v. Weidner* (1983), Ind., 449 N.E.2d 288, 290. Thus, our review is limited to determining whether the trial court has abused its discretion. *Id.* The trial court has abused its discretion where the judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Morton–*

*Finney v. Gilbert* (1995), Ind.App., 646 N.E.2d 1387, 1388, *trans. denied.*

Tardy argues that the trial court abused its discretion in denying his motion for relief from judgment for four reasons. However, in light of our reversal, we discuss only one ground, namely, that the default judgment was void.

In his affidavit, Tardy stated he received the summons and complaint by mail on April 28, 1992. The summons contained the following provision:

"You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you received this summons, and (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the plaintiff has demanded."

Record, p. 211. Tardy interpreted the language to mean he had twenty-three days from receipt of the summons on April 28, 1992, to obtain an attorney and defend the complaint. Therefore, Tardy believed that a default judgment would not be proper until May 22, 1992. Although Tardy concedes that the return of service indicates that copies of the summons and complaint were left at and mailed to his residence on April 22, 1992, Tardy argues that this information was not on the summons he received. Tardy contends the absence of this information led him to reasonably believe he had twenty-three days from the receipt of the summons by mail to obtain an attorney. "The summons issued in this cause created confusion regarding the date for appearing and answering, and resulted in miscommunication between Tardy and his attorney.... This is sufficient excusable neglect to justify setting aside the default." Appellant's brief, p. 15. Tardy retained his attorney on May 12, 1992, and told him that he received the summons by mail on April 28, 1992. We find Tardy's interpretation of the language in the summons to be reasonable.

The summons stated "you have twenty-three (23) days to answer if *this* summons was received by mail...." Record, p. 211 (emphasis added). "This" summons was received by mail on April 28, 1992. The rea-

sonable interpretation, then, is that the person served has twenty-three days from April 28, 1992, to respond, and that an entry of default would not be proper before May 22, 1992. Therefore, it was reasonable for Tardy to rely on the express language of the summons.

■ Moreover, failure to abide by the express language in the summons would violate Tardy's right to due process. Due process requires that a party be given notice "reasonably calculated, under all of the circumstances, to apprise that party of the pendency of the action and afford her an opportunity to present her objections." *Morrison v. Professional Billing Services* (1990), Ind. App., 559 N.E.2d 366, 368 (citing *Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865). However, "[t]his right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Mullane*, 339 U.S. at 314, 70 S.Ct. at 657. Furthermore, the "notice must be of such a nature as reasonably [sic] to convey the required information ... and it must afford a reasonable time for those interested to make their appearance." *Id.* Despite the April 22, 1992, date on the return of service, we find that the summons actually received by Tardy on April 28, 1992, did not apprise him of the need to appear prior to May 22, 1992 and, therefore, did not reasonably convey the required information. *See Mullane*, 339 U.S. at 314, 70 S.Ct. at 657. Thus, "because of the wording contained in the summons addressed to [Tardy], the entry of default against him was premature and should be set aside." *Baker v. Sihsmann* (1974), 161 Ind.App. 260, 315 N.E.2d 386, 387, *reh'g denied.*

■ Finally, we address the issue of whether the 60(B) movant must establish a good and meritorious defense to the judgment. Generally, in addition to establishing valid grounds for relief, the movant must also establish a meritorious defense. *Cornelius v. State* (1991), Ind.App., 575 N.E.2d 20, 21, *trans. denied; Chelovich v. Ruff & Silvian Agency* (1990), Ind.App., 551 N.E.2d 890, 892. Thus, the movant is required to show that a different result would be reached if the case were tried on the merits. *Moore v. Terre Haute First National Bank* (1991), Ind.App., 582 N.E.2d 474, 476, *reh'g denied.* However, the meritorious defense requirement is not absolute. *King v. King* (1993), Ind.App., 610 N.E.2d 259, 262, *reh'g denied, trans. denied.* Rather, "where a default judgment is set aside because it was entered without notice or proper service, a meritorious defense need not be shown." *Shotwell v. Cliff Hagan Ribeye Franchise, Inc.* (1991), Ind., 572 N.E.2d 487, 490 (citing *Peralta v. Heights Medical Center, Inc.* (1988), 485 U.S. 80, 85, 108 S.Ct. 896, 899, 99 L.Ed.2d 75); *see also Moore*, 582 N.E.2d at 476–66; *Morrison v. Professional Billing Services, Inc.* (1990), Ind.App., 559 N.E.2d 366, 368. Since we have determined that the language in the summons was inadequate to provide notice to Tardy and, thus, the entry of default was premature, Tardy is not required to establish a meritorious defense. *See Shotwell*, 572 N.E.2d at 490.

We hold that the default judgment is void and the motion for relief from judgment was improperly denied. Therefore, the judgment of the trial court is reversed in all respects and this cause is remanded for further action not inconsistent with this opinion.

REVERSED AND REMANDED.

RUCKER and STATON, JJ., concur.