**STANDARD LUMBER COMPANY OF ST. JOHN, INC., Appellant–Plaintiff,**

v.

**Salve B. JOSEVSKI and Sophie Josevski, Appellee–Defendants.**

No. 45A03–9806–CV–259.

Court of Appeals of Indiana.

March 2, 1999.

---

**4.** It should be noted that our decision here today does not affect the distinction between consulting experts and those experts who are expected to testify at trial. In the present case, should the Hospital have been a party to litigation and intended to utilize some of the information contained in the Droast report and/or Droast's testimony at trial, the Hospital would necessarily have to waive its attorney-client privilege.

**5.** In addition, any questions asked of the Hospital's chief executive officer during the deposition requesting information concerning the Droast report or its findings will not be allowed, since they request privileged information.

Michael L. Muenich, Highland, Indiana, Attorney for Appellant.

Kenneth D. Reed, John P. Reed, Abrahamson, Reed & Adley, Hammond, Willie Harris, Gary, Indiana, Attorney for Appellee.

## OPINION

ROBB, Judge.

### Case Summary

Appellant–Plaintiff, Standard Lumber Co. of St. John, Inc. ("Standard Lumber") appeals the trial court's order on a motion to correct error filed by Appellees–Defendants, Salve and Sophie Josevski ("the Josevskis") which vacated its original judgment denying the Josevskis' motion to set aside a default judgment. We affirm.

### Issues

Standard Lumber raises six issues for our review which we combine and restate as: whether the trial court properly granted the Josevskis' motion to correct error, thus vacating its denial of the Josevskis' motion to set aside the default judgment entered against them, and granting the motion to set aside, where the motion to set aside was filed more than one year after judgment of default.

### Facts and Procedural History

The facts most favorable to the judgment show that on July 29, 1996, Standard Lumber filed a complaint against the Josevskis seeking unpaid rent and immediate possession of commercial property being leased by the Josevskis. On October 29, 1996, Standard Lumber filed a request for entry of default and a motion for default judgment.[1] The clerk entered the default against the Josevskis and the trial court entered judgment by default on October 29, 1996. On October 30, 1996, a hearing was held on Standard Lumber's motion to show cause, which hearing had been scheduled the previous month. Counsel for the Josevskis was informed of the default at this hearing. The trial court entered an order of immediate possession on October 31, 1996. The Josevskis' answer was filed on November 1, 1996.

One year later, on November 6, 1997, Standard Lumber initiated proceedings supplemental against the Josevskis. On March 12, 1998, the Josevskis filed a motion to set aside the default judgment. The trial court held a hearing on the motion, which was then denied on March 16, 1998. The Josevskis filed a motion to correct error on March 23, 1998. A hearing was held on May 1, 1998, on which day Standard Lumber filed a motion to set a hearing on its October 29, 1996 motion for default. On May 6, 1998, the trial court granted the motion to correct error and set aside the default judgment, finding, in part:

> (2) The default judgment previously entered herein is void, inasmuch as defendants had appeared by their former attorney, but were not afforded three days notice of plaintiff's application for default, as required by Ind. Trial Rule 55.
>
> . . . .
>
> (6) Plaintiff's counsel freely acknowledges that, following the erroneous default judgment, he purposely waited a period in excess of one year before seeking enforcement by proceeding supplemental of the monetary judgment, because he knew that the original default judgment was defective and felt that defendants had one year with-

---

1. Standard Lumber's motions were apparently served upon the Josevskis by first class mail on October 28 and stamped received by the clerk on October 28, having been sent by certified mail, but were not stamped filed by the clerk until the following day.

in which to challenge that judgment under the terms of Ind. Trial Rule 60(B)(3).[2] R. 231–32.

## Discussion and Decision

A default judgment plays an important role in the maintenance of an orderly, efficient judicial system as a weapon for enforcing compliance with the rules of procedure and for facilitating the speedy determination of litigation. *Green v. Karol,* 168 Ind.App. 467, 344 N.E.2d 106, 110 (1976). On the other hand, there is a marked judicial preference for deciding disputes on their merits and for giving parties their day in court, especially in cases involving material issues of fact, substantial amounts of money, or weighty policy determinations. *Id.* (footnotes omitted).

■ The decision whether or not to set aside a default judgment is given substantial deference on appeal. *LaPalme v. Romero,* 621 N.E.2d 1102, 1104 (Ind.1993). The trial court has abused its discretion where the judgment is clearly against the logic and effect of the facts and inferences supporting the judgment for relief. *Tardy v. Chumrley,* 658 N.E.2d 959, 961 (Ind.Ct.App.1995), *trans. denied.* Upon a motion for relief from the default judgment, the burden is upon the movant to show sufficient grounds for relief under Ind. Trial Rule 60(B). *LaPalme,* 621 N.E.2d at 1104.

■ The trial court may relieve a party from a default judgment upon one of several grounds set forth in T.R. 60(B). *LaPalme,* 621 N.E.2d at 1104. The court may relieve a party from an entry of default if "the judgment is void," T.R. 60(B)(6), or for "any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4)."

T.R. 60(B)(8). According to T.R. 60(B), when a party files a motion seeking relief from judgment on the grounds that the judgment is void, or for a reason under T.R. 60(B)(8), the motion "shall be filed within a reasonable time." *Kessen v. Graft,* 694 N.E.2d 317, 321 (Ind.Ct.App.1998), *trans. denied.* The determination of what constitutes a reasonable time varies with the circumstances of each case. *Id.*

■ Standard Lumber first argues that the trial court was without jurisdiction to rule upon the Josevskis' motion to correct error, the motion being filed more than thirty days after the entry of default judgment. We disagree.

The motion to correct error, if any, shall be filed not later than thirty (30) days after the entry of a final judgment of an appealable final order. T.R. 59(C). A ruling or order of the court denying or granting relief, in whole or in part, by motion under subdivision (B) of this rule *shall be deemed a final judgment,* and an appeal may be taken therefrom as in the case of a judgment. T.R. 60(C) (emphasis added). The trial court's order refusing to set aside the default judgment was a final judgment, and the Josevskis' motion to correct error was filed within thirty days of that order.[3] We conclude that the trial court had jurisdiction to rule upon the Josevskis' motion to correct error.[4]

■ Standard Lumber next contends that even if notice of the application for and entry of default against the Josevskis required by T.R. 55(B) was not provided, the judgment is merely voidable, and not void.

■ To succeed under T.R. 60(B)(6), the petitioner must show that the judgment is void not merely voidable. *Chapin v. Hulse,*

---

**2.** Indiana Trial Rule 60(B)(3) provides that a judgment may be set aside for "fraud ... misrepresentation, or other misconduct of an adverse party."

**3.** "We hold the proper procedure in the Indiana Rules of Trial Procedure for setting aside an entry of default or grant of default judgment thereon is to first file a Rule 60(B) motion to have the default or default judgment set aside. Upon ruling on that motion by the trial court the aggrieved party may then file a Rule 59 Motion to Correct Error alleging error in the trial court's ruling on the previously filed Rule 60(B) motion. Appeal may then be taken from the court's ruling on the Motion to Correct Error." *Siebert Oxidermo, Inc. v. Shields,* 446 N.E.2d 332, 337 (Ind. 1983).

**4.** Because we conclude that the Josevskis' motion to correct error was timely filed, we do not address Standard Lumber's argument against treating the Josevskis' motion to correct error as a motion to set aside the default.

599 N.E.2d 217, 219 (Ind.Ct.App.1992), *trans. denied.* If an instrument or judgment is void, it is of no effect whatever and is subject to collateral attack at any time. *Kessen,* 694 N.E.2d at 321 (Garrard, J., dissenting). On the other hand, if an instrument or judgment is merely voidable, its deficiencies may be waived and it is subject only to direct, and not collateral, attack. *Id.* Nevertheless, a voidable judgment would still qualify under T.R. 60(B)(8) even if it did not fall under T.R. 60(B)(6).[5]

The Josevskis were not afforded three days notice of Standard Lumber's motion for default and the entry of default against them. Because "[s]trict adherence to the language of T.R. 55 is required," the default judgment was improperly entered. *Carroll v. Lordy,* 431 N.E.2d 118, 126 (Ind.Ct.App.1982); *see also Ed Martin Ford Co., Inc. v. Martin,* 173 Ind.App. 428, 363 N.E.2d 1292 (1977) (holding that default judgment can properly be entered if defendant has been given notice three days prior to default hearing). The default judgment entered against the Josevskis was voidable; accordingly, we need not decide whether the original judgment was void.

■ Standard Lumber argues that the Josevskis' motion to set aside the default judgment was not timely filed. Standard Lumber also contends that it would suffer prejudice if the default were set aside. However, the trial court found, as stated above, that Standard Lumber's "counsel freely acknowledges that, following the erroneous default judgment, he purposely waited a period in excess of one year before seeking enforcement by proceeding supplemental of the monetary judgment, because he knew that the original default judgment was defective ...."[6] R. 232.

■ Relevant to the question of timeliness is prejudice to the party opposing the motion and the basis for the moving party's delay. *Kessen,* 694 N.E.2d at 321. Standard Lumber chose to wait over one year before attempting to enforce the judgment. We fail to see any prejudice other than that which Standard Lumber has brought upon itself by relying upon what it knew to be an improper default judgment. In addition, the Josevskis may have recognized that the default judgment was invalid because a hearing was never held. In any event, we conclude that the Josevskis' motion to set aside the default judgment was filed within a reasonable time under these circumstances. It is undeniable that a reasonable time within which to file a T.R. 60(B)(8) motion can exceed one year. *See Fairrow v. Fairrow,* 559 N.E.2d 597 (Ind.1990).

■ Standard Lumber finally contends that the Josevskis have failed to show grounds for relief or established a meritorious defense. Generally, in addition to establishing valid grounds for relief, the T.R. 60(B) movant must also establish a meritorious defense. *Tardy,* 658 N.E.2d at 962. Thus, the movant is required to show that a different result would be reached if the case were tried on the merits. *Id.* However, the meritorious defense requirement is not absolute. *Id.* Rather, "where a default judgment is set aside because it was entered without notice or proper service, a meritorious defense need not be shown." *Id.* (quoting *Shotwell v. Cliff Hagan Ribeye. Franchise, Inc.,* 572 N.E.2d 487, 490 (Ind.1991)). *See also Moore v. Terre Haute First Nat. Bank,* 582 N.E.2d 474 (Ind.Ct.App.1991) (holding that dismissal of plaintiff's complaint was void where plaintiff was not sent notice of hearing and therefore plaintiff need not establish a meritorious defense). Because the Josevskis were not provided notice as required by T.R. 55, and because no default hearing was ever held, they need not now establish a meritorious defense.

---

**5.** *Cf. Kessen v. Graft,* 694 N.E.2d at 322–23 (Garrard, J., dissenting) ("An attack brought under T.R. 60(B) is a direct attack upon the judgment because, although belated, it nevertheless is a part of the original proceeding. If T.R. 60(B) is not available to attack voidable judgments, then it is superfluous because a truly void judgment can be attacked collaterally and at any time. I would construe T.R. 60(B)(6) to apply to judgments that are either void or voidable.").

**6.** The record does not include a transcript of the May 1, 1998 hearing on the Josevskis' motion to correct error. *See* Brief of Appellee at 24. Standard Lumber's praecipe did not include this hearing. R. 6–7.

We hold that the Josevskis' motion to set aside the default was timely filed. The trial court did not abuse its discretion in finding that the default judgment entered against the Josevskis was improper and in granting their motion to correct error and vacating the default judgment.

Affirmed.

BAKER, J. and GARRARD, J., concur.