In re The 2005 TAX SALE PARCEL NO. 24006–001–0022–01

Kimberly Neace, Appellant–Respondent,

v.

Vinod C. Gupta, Appellee–Petitioner.

No. 24A01–0806–CV–00255.

Court of Appeals of Indiana.

Dec. 15, 2008.

tion, which was filed within a reasonable time and sufficient to state a claim upon which relief may be granted, we reverse and remand for the evidentiary hearing provided for by Trial Rule 60(D).

**Facts and Procedural History**

In 1999, Neace purchased Lots 2071 and 2072 in Lake Shore Resort, which is located in Franklin County, Indiana. Neace lived at 316 East McCabe Street, Eaton, Ohio, 45320. A printout of the Franklin County Auditor's record attached to Neace's petition reveals that the "Property Address," which is a field presumably meant for the street address of the Franklin County property, is listed as the 316 East McCabe[1] Street address and that Neace's address is listed under the "Owner Name and Address" field as 823 Barkins Avenue, Englewood, Ohio, 45322. Appellant's App. p. 52. As a result, the tax sale record appears as following:

Sean M. Clapp, Sean M. Clapp, LLP, Fishers, IN, Attorney for Appellant.

Lewis Maudlin, Salem, IN, Attorney for Appellee.

**OPINION**

VAIDIK, Judge.

**Case Summary**

Kimberly Neace, whose property was bought by Vinod Gupta at a tax sale, appeals the trial court's decision to dismiss her petition to set aside the tax deed issued to Gupta for insufficient notice. Neace argues that the trial court erroneously determined she did not file her petition within a reasonable time and that the trial court erroneously applied Trial Rule 12(B)(6) to her petition, which was a motion for relief from a judgment pursuant to Trial Rule 60(B). Finding that the trial court erroneously dismissed Neace's peti-

**2005 DELINQUENT PROPERTY TAX SALE RECORD**

\* \* \* \* \* \*

PROPERTY ADDRESS:
316 E. McCake St
Eaton, Oh
45320

LEGAL 1:
Lakeshore Resort Lots 2071 & 2072

OWNER NAME AND ADDRESS:
Kimberly S Neace
823 Barkins AVE
ENGLEWOOD OH 45322

BUYER NAME AND ADDRESS:
VINOD GUPTA AND BANCO
POPULAR NA
ATT: RUDY RODRIGUES
7900 MIAMI LAKES DR. WEST
MIAMI LAKES FL 33016

*Id.* Also attached to Neace's petition were copies of letters showing that on August 4, 2005, the Franklin County Auditor sent a pre-sale notice of tax sale to Neace at the 823 Barkins Avenue address. *Id.* at 53–54. It was returned to the auditor marked with the notation "Unclaimed." *Id.* at 53.

After a tax lien action was filed in Franklin Circuit Court, the trial court ordered on September 29, 2005, that the lots be sold at a tax sale. Gupta purchased the lots at the tax sale.

On June 22 and December 1, 2006, Gupta sent a post-sale notice of tax sale to

---

1. In addition to the record mistakenly listing this Ohio address as a Franklin County address, the tax sale record mistakenly lists the address as "316 E. McCake St." Appellant's App. p. 52.

Neace at the 823 Barkins Avenue address. Gupta then petitioned for a tax deed, which the trial court granted on January 31, 2007. At some point later in 2007, Neace received notice that the lots were sold at tax sale. On July 24, 2007, Neace petitioned the court to set aside the tax deed because she alleged she did not receive notice of the tax sale. Gupta filed a motion to dismiss Neace's petition for failure to state a claim. After a hearing and briefing by the parties, the trial court granted Gupta's motion to dismiss Neace's petition. Neace now appeals.[2]

## Discussion and Decision

Neace contends that the trial court erred by dismissing pursuant to Trial Rule 12(B)(6) her petition to set aside the tax deed as void for lack of insufficient notice. A civil action may be dismissed under Trial Rule 12(B)(6) for "failure to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the claim, not the facts supporting it. *Charter One Mortgage Corp. v. Condra,* 865 N.E.2d 602, 604 (Ind.2007). Thus, our review of a trial court's grant or denial of a motion based on Trial Rule 12(B)(6) is *de novo. Id.* When reviewing a motion to dismiss, we view the pleadings in the light most favorable to the nonmoving party, with every reasonable inference construed in the nonmovant's favor. *Id.* at 605. A complaint may not be dismissed for failure to state a claim upon which relief can be granted unless it is clear on the face of the complaint that the complaining party is not entitled to relief. *Johnson v. Blackwell,* 885 N.E.2d 25, 29–30 (Ind.Ct.App.2008).

■ Initially, Gupta argues that his motion to dismiss could be characterized as a Trial Rule 56 motion for summary judgment. It is true that when matters outside the pleadings are presented to and not excluded by the trial court, a motion to dismiss shall be treated as a motion for summary judgment. Ind. Trial Rule 12(B). Although Neace did present material extraneous to her petition, we find it was proper for the trial court not to convert the Trial Rule 12(B)(6) motion into one for summary judgment because the issue presented to the trial court was the failure to state a redressable claim and we have no evidence that the trial court considered the extraneous material. *See Dixon v. Siwy,* 661 N.E.2d 600, 603–04 (Ind. Ct.App.1996).

The transcript of the March 5, 2008, hearing on Gupta's motion to dismiss provides further evidence that the trial court did not convert the Trial Rule 12(B)(6) motion into a summary judgment motion. At the hearing, the trial court asked counsel if the parties were ready to proceed on both Neace's petition to set aside the tax deed and Gupta's motion to dismiss. Neace's counsel responded that she was unable to proceed on the petition itself because a witness was unable to attend the hearing due to a family emergency. The court responded by setting a hearing date of April 23 to present evidence on Neace's petition. Because that hearing was continued until May, and the trial court dismissed Neace's petition in April, Neace was not given a full opportunity to present

---

2. This appeal was originally consolidated with Kenneth Edwards' appeal from a separate order in Lower Cause Number 24C01–0509–MI–343. Edwards, who purchased at tax sale a separate piece of real estate owned by Neace, appeals the trial court's denial of his motion to correct errors after the trial court set aside the tax deed issued to him. After Gupta and Edwards objected to the consolidation, our Court ordered the two appeals be severed and issued separate cause numbers for each. Edwards' appeal continues under Cause Number, *Edwards v. Neace,* 24A04–0807–CV–401, 898 N.E.2d 343, 2008 WL 5205725 (2008). We proceed accordingly.

evidence on the factual allegations in her petition. Gupta cites the trial court's statement at the end of the March 5 hearing that the parties could have ten days to present briefs with evidence as proof that the trial court did give Neace a reasonable opportunity to present summary judgment materials. However, the short amount of time and the April hearing date indicate that the trial court was referring in its comment to legal evidence on the motion to dismiss rather than factual evidence on the petition itself. *See Azhar v. Town of Fishers*, 744 N.E.2d 947, 950–51 (Ind.Ct. App.2001) (discussing factors to consider when determining whether a trial court's failure to give express notice of a conversion to summary judgment deprived the nonmovant of a reasonable opportunity to respond with summary judgment materials). As such, we determine that the trial court's order dismissing Neace's petition is based on the legal sufficiency of the petition alone.

■■■ Indiana Code chapter 6–1.1–24 governs the sale of real property when taxes or special assessments become delinquent. If a real estate owner fails to pay property taxes, the property may be sold to satisfy the outstanding tax obligation. If there has been material compliance with each statutory step governing the tax sale process, the trial court can order that the purchaser at the tax sale be granted a tax deed. *Schaefer v. Kumar*, 804 N.E.2d 184, 191 (Ind.Ct.App.2004), *trans. denied.* The tax deed creates a presumption that a tax sale and all of the steps leading up to the issuance of the tax deed are proper. *Id.* However, this presumption may be rebutted by affirmative evidence to the contrary. *Id.* For example, the tax deed may be set aside if the three notices required by Indiana Code §§ 6–1.1–24–4 (notice of tax sale), 6–1.1–25–4.5 (notice of the right of redemption), and 6–1.1–25–4.6 (no-

tice of petition for tax deed) were not in substantial compliance with the requirements of those sections. Ind.Code § 6–1.1–25–16(7). Each of these notices must be sent to the owner or owners of the real property at their last known address, while the notices of right of redemption and petition for tax deed may also be given by publication. *Schaefer*, 804 N.E.2d at 192.

Indiana Code § 6–1.1–24–4.7(f) provides that "[t]he court that enters judgment under this section shall retain exclusive continuing supervisory jurisdiction over all matters and claims relating to the tax sale." Once a tax deed has been ordered by the trial court, the "tax deed issued under this section is incontestable except by appeal from the order of the court directing the county auditor to issue the tax deed filed not later than sixty (60) days after the date of the court's order." Ind. Code § 6–1.1–25–4.6(h). The sixty-day time limit was added to the statute by amendment in 2001. *See* P.L. 139–2001, Sec. 17. The issuance of the tax deed can be appealed under this statute by either an independent action or a Trial Rule 60(B) motion in the same trial court that issued the original tax deed. *Diversified Invs., LLC v. U.S. Bank, NA*, 838 N.E.2d 536, 544 (Ind.Ct.App.2006), *trans. denied.*

■ Our Court has held that both available remedies, either a Trial Rule 60(B) motion or an independent action, are subject to the same sixty-day statutory time limit pursuant to Indiana Code § 6–1.1–25–4.6(h). *BP Amoco Corp. v. Szymanski*, 808 N.E.2d 683, 690 (Ind.Ct.App.2004) (finding, without discussing whether action should be barred as untimely, that trial court erred in dismissing for lack of subject matter jurisdiction an independent action challenging the tax sale procedure and remanding for further proceedings), *trans. denied.* After the statutory amendment and the *BP Amoco Corp.* case, this Court

once again recognized the sixty-day statutory limit but found that "[a]n exception exists where a motion for relief from judgment alleges a tax deed is void due to constitutionally inadequate notice, in which case an appeal must be brought within a reasonable time rather than within sixty days." *Diversified Invs.*, 838 N.E.2d at 545. Thus, because Neace alleged insufficient notice, under the rule in *Diversified Investments*, the trial court did have subject matter jurisdiction over her petition even though it was filed later than sixty days after the trial court's order granting the tax deed.

∎ When tax sale notices are returned in their entirety as undeliverable, it is incumbent as a matter of both federal constitutional and state law that further action be taken to effectuate notice reasonably calculated to apprise an interested party of tax sale proceedings. *Jones v. Flowers*, 547 U.S. 220, 226, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006); *see also Diversified Invs.*, 838 N.E.2d at 543. Additionally, the auditor is deemed to be aware of the contents of the records maintained in its office. *See Reeder Assocs. II v. Chicago Belle, Ltd.*, 778 N.E.2d 828, 831 (Ind.Ct. App.2002), *trans. denied.*

∎ Trial Rule 60(B) requires that motions under Trial Rule 60(B)(6) be brought within a reasonable time. The determination of what constitutes a reasonable time varies with the circumstances of each case. *Kessen v. Graft*, 694 N.E.2d 317, 321 (Ind.Ct.App.1998), *trans. denied.* Prejudice to the party opposing the motion and the basis for the moving party's delay are relevant to the question of timeliness. *Id.*

Although Neace did not designate her petition as a Trial Rule 60 motion, it is apparent that the trial court treated it as such, as her petition did not present an independent action. *See MDM Invs. v.*

*City of Carmel*, 740 N.E.2d 929, 933 (Ind. Ct.App.2000) (treating a "Motion to Reopen Proceedings and Notice of Exceptions to Appraiser's Report" as a motion to set aside the judgment under Trial Rule 60). Further, Neace argued to the trial court in her Memorandum in Support of Denial of Respondent's Motion to Dismiss and at the hearing on the motion to dismiss that she was entitled to relief under Trial Rule 60(B).

∎ In its order dismissing Neace's petition, the trial court did not specify whether it dismissed Neace's petition for failure to file within a reasonable time or failure to state a claim for which relief may be granted. As for reasonableness of the time to file, because Neace alleged the judgment was void due to constitutionally insufficient notice, she was not required to comply with the sixty-day statutory time limit. *Diversified Invs.*, 838 N.E.2d at 545. Rather, Neace was required to bring her petition within a reasonable time. Ind. Trial Rule 60(B). The determination of what constitutes a reasonable time varies with the circumstances of each case. *Kessen*, 694 N.E.2d at 321. Prejudice to the party opposing the motion and the basis for the moving party's delay are relevant to the question of timeliness. *Id.*

The trial court issued the tax deed by order to Gupta on January 31, 2007. Neace learned about the tax sale at some point afterward. She filed her petition to set aside the order granting the tax deed on July 24, 2007, about six months after the deed was issued. We have previously found that a delay of over four months to challenge the tax deed after it was issued was a reasonable time to bring the challenge. *Diversified Invs.*, 838 N.E.2d at 545. A reasonable time within which to file a Trial Rule 60(B) motion can even exceed one year. *Standard Lumber Co. of*

*St. John, Inc. v. Josevski,* 706 N.E.2d 1092, 1096 (Ind.Ct.App.1999) (citing *Fairrow v. Fairrow,* 559 N.E.2d 597, 599–600 (Ind. 1990) (finding eleven-year delay to file a Trial Rule 60(B)(8) motion reasonable)). Gupta did not allege that he has suffered prejudice based on the delay. Thus, we cannot say as a matter of law that Neace did not file her petition within a reasonable time.

■ Next, Neace argues that the trial court erred in dismissing her petition under Trial Rule 12(B)(6) because Trial Rule 12(B), by its terms, applies to pleadings.[3] Trial Rule 7 defines pleadings as a complaint and an answer, a reply to a denominated counterclaim, an answer to a cross-claim, a third-party complaint if a person not an original party is summoned under Trial Rule 14, and a third-party answer. Neace argues that because her petition for relief under Trial Rule 60 does not fall into any of these categories, Trial Rule 12(B) should not apply. In response, Gupta contends that this argument is waived for failure to raise it before the trial court.

However, we need not decide this issue. Even assuming without deciding that Trial Rule 12(B)(6) applies to motions under Trial Rule 60(B), Neace has, based on her petition alone, sufficiently stated a claim such that relief may be granted. In her petition to set aside the tax deed, Neace alleged that none of the statutorily required notices were properly sent to her address of record, the 316 East McCabe Street address. She alleged that because

both the auditor and Gupta sent notice to an improper address, the notice was not constitutionally adequate under the standard established by *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."), and *Jones,* 547 U.S. at 226, 126 S.Ct. 1708 ("We hold that when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so.").

If Neace's allegations in her petition that the auditor and Gupta did not properly send notices to her address of record and the notices were returned as undeliverable are true, then the tax deed should be set aside as void under Trial Rule 60(B)(6) because the auditor is required to be cognizant of its records and send notice to the address of record, and notice must be reasonably calculated to apprise interested parties of the pendency of the action before taking steps that affect a property interest.[4] *McBain v. Hamilton County,* 744 N.E.2d 984, 989 (Ind.Ct.App.2001), *reh'g denied.*

Because her claim is procedurally sound and her allegations, if true, would entitle

---

3. Our independent review of the case law reveals that our Court has previously applied the Trial Rule 12(B)(6) standard to Trial Rule 60(B) motions. *See, e.g., Smith v. Smith,* 547 N.E.2d 297, 298 (Ind.Ct.App.1989). We acknowledge that this ability to apply Trial Rule 12(B)(6) to Trial Rule 60(B) motions seems in tension with the mandatory language in Trial Rule 60(D): "In passing upon a motion allowed by subdivision (B) of this rule the court

*shall hear* any pertinent evidence...." (Emphasis added). Once evidence is heard, a Trial Rule 12(B)(6) motion is clearly inapplicable, as it only tests the sufficiency of the pleadings.

4. Neace is not required to allege a meritorious defense because her action is based on Trial Rule 60(B)(6). Ind. Trial Rule 60(B).

her to the relief she requests, the trial court erroneously dismissed Neace's petition under Trial Rule 12(B)(6). Because Neace's petition sufficiently states a claim for relief, we reverse and remand for the trial court to hold the evidentiary hearing provided for by Trial Rule 60(D).

Reversed and remanded.

KIRSCH, J., and CRONE, J., concur.