## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 13 2018, 8:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Douglas M. Grimes | Michael D. Kvachkoff |
| Douglas M. Grimes, PC | Crown Point, Indiana |
| Gary, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Unity Non-Denominational Church, | March 13, 2018 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 45A05-1708-MI-1834 |
| v. | Appeal from the Lake Circuit Court |
| | The Honorable Marissa J. McDermott, Judge |
| Vincennes Corporation, | The Honorable Stephen E. Scheele, Magistrate |
| *Appellee-Respondent.* | Trial Court Cause No. 45C01-1207-MI-118 |

**Bailey, Judge.**

# Case Summary

Unity Non-Denominational Church ("Unity") appeals an order granting Vincennes Corporation's ("Vincennes") motion for relief from a judgment pursuant to Indiana Trial Rule 60(B).  We affirm.

# Issues

Unity presents two issues for review:

> I.  Whether the trial court abused its discretion in finding that the motion was filed within a reasonable time as required by Trial Rule 60(B); and

> II.  Whether the trial court properly set aside Unity's tax deed due to insufficient notice.

# Facts and Procedural History

Vincennes owned multiple properties in Gary, Indiana, including a parcel commonly known as 637 E. Ridge Road ("the Property").  Vincennes became delinquent in the payment of its taxes for the Property and the Lake County Auditor obtained a judgment against Vincennes.  The lien was sold to the Lake County Commissioner and the Property was offered at a subsequent tax sale.  On April 25, 2013, Unity paid $800.00 to purchase a tax sale certificate for the Property.

The pastor of Unity, the Reverend Randy Lewis Barry, Sr. ("Reverend Barry"), took sole responsibility for handling the transaction on behalf of his church.  He

did not seek legal advice and he did not conduct a title search; however, he was aware that he needed to provide notice to the owner of the Property.

[5] Approximately one month after the sale of the tax certificate, on May 24, 2013, an error was made in the Lake County - Calumet Township Auditor's Office ("Auditor's Office"), assigning an incorrect address to the Property.[1] This address, on Kildare Avenue in Skokie, Illinois, was made available to Reverend Barry on a Lake County tax bill record pertaining to the Property.

[6] On June 14, 2013, using the address erroneously assigned by the Auditor's Office, Reverend Barry mailed a notice addressed to Vincennes at the Kildare address. The owner of the Kildare property was a tax sale purchaser of other properties who was completely unaffiliated with Vincennes. He signed a receipt for the mail delivered to the Kildare property and the receipt was returned to Unity. The redemption period expired on August 23, 2013.

[7] According to Reverend Barry, on September 23, 2013, he mailed a Notice of Filing of Petition for Tax Deed to Vincennes at a post office box in Skokie, Illinois. The post office box was known to Reverend Barry because Unity had rented a different property from Vincennes for three years and had mailed rent

---

[1] The tax sale supervisor explained as follows: "when they transferred [another buyer's] address to this 8833 Kildare Avenue he, it aut, [sic] the system automatically changes all of those properties that are familiar with that, with the key number. It gives us as, [sic] would you like to transfer all these properties and gives you a list of properties. And at the time in 2013 it gives us the date when it was transferred in, by whom it was transferred. [Employee] transferred it and clicked yes and this happened to be one of the key numbers that were involved in all of the group of key numbers by [another buyer]. So, it automatically transferred [another buyer]'s information to the address, the mailing address to this particular property." (Tr., Vol. I, pg. 111.)

payments there. Vincennes' vice president, Swedelana Dass ("Dass"), signed a certified mailing receipt corresponding to that date. However, she claimed that no statutory notice of the petition for a tax deed was inside and that she had never received notice of a hearing date.

[8] On October 8, 2013, Unity filed a Petition for Order of Tax Deed for the Property. The petition was granted on January 10, 2014, and a tax deed was issued to Unity.

[9] On March 16, 2016, Unity recorded its tax deed.[2] On August 5, 2016, Vincennes filed its Motion to Set Aside an Order to Issue a Tax Deed, claiming that it first had notice of the tax sale when the tax deed for the Property was recorded.

[10] On June 13 and July 6, 2017, the trial court conducted a hearing on the motion to set aside. Gina Scheidt ("Scheidt"), a tax sale supervisor for the Lake County Auditor's Office, Dass, and Reverend Barry each testified. After the hearing, the trial court took the matter under advisement.

---

[2] Reverend Barry explained that the delay in recording the deed was attributable to the need for the church to raise approximately $10,000 in taxes due after the purchase of the tax certificate. Reverend Barry had some awareness of the possibility of petitioning for a tax exemption, but Unity had not applied for and obtained any tax exemption. By the time that the $10,000 in delinquent taxes were paid, the Property was being offered at a subsequent tax sale. Apparently, by the time of the hearing upon Vincennes' petition for relief, the Property was once again in jeopardy of sale for delinquent taxes.

On July 11, 2017, the trial court issued its "Order Granting Respondent's Motion to Set Aside an Order to Issue a Tax Deed and Denying Petition for Tax Deed." (Appealed Order at 1.) Unity now appeals.

# Discussion and Decision

## Standard of Review

Indiana Code Section 6-1.1-25-16 sets forth the proof required to defeat a tax title. In relevant part, it provides:

> A person may, upon appeal, defeat the title conveyed by a tax deed executed under [Indiana Code Section 6-1.1-25-4] only if:
> …
>
> (7) the notices required by [Indiana Code] 6-1.1-24-2, 6-1.1-24-4, and sections 4.5 and 4.6 of this chapter were not in substantial compliance with the manner prescribed by those sections.

A tax deed can be appealed by either an independent action or by a motion pursuant to Trial Rule 60(B). *Groome v. Donlin Corp.*, 908 N.E.2d 330, 334 (Ind. Ct. App. 2009). Vincennes' motion did not expressly identify a trial rule provision upon which relief was sought; however, Vincennes argued that the tax deed granted to Unity should be set aside pursuant to Trial Rule 60(B)(8), which provides in pertinent part:

> On motion and upon such terms as are just the court may relieve a party … from an entry of default, final order or final judgment, including a judgment by default for the following reasons: … any reason justifying relief from the operation of the judgment,

other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

Trial Rule 60(B) requires that a motion filed under subsection (8) be filed within a reasonable time and that the movant must allege a meritorious claim or defense.[3]

A motion for relief from judgment is addressed to the equitable discretion of the trial court, circumscribed by the eight categories of Trial Rule 60(B). *Lee v. Pugh*, 811 N.E.2d 881, 887 (Ind. Ct. App. 2004). In general, the decision of whether to grant or deny a Trial Rule 60(B) motion for relief from judgment is within the sound, equitable discretion of the trial court. *Stonger v. Sorrell*, 776 N.E.2d 353, 358 (Ind. 2002). However, if it is necessary to interpret a statute to determine compliance with the statutory tax sale scheme, a question of law is raised, to be reviewed de novo. *Badawi v. Orth*, 955 N.E.2d 849, 852 (Ind. Ct. App. 2011).

---

[3] A panel of this Court has previously stated that the proper procedure for appealing the issuance of a tax deed is found in Trial Rule 60(B)(6), which provides for setting aside a judgment that is void. *Kessen v. Graft*, 694 N.E.2d 317, 320 (Ind. Ct. App. 1998). In his dissent, however, Judge Garrard raised concern about an interchangeable use of "void" and "voidable" to refer to judgments. *See id.* at 321. He observed in relevant part that, "If an instrument or judgment is void, it is of no effect whatever and is subject to collateral attack at any time. On the other hand, if an instrument or judgment is merely voidable, its deficiencies may be waived and it is subject only to direct, and not collateral, attack." *Id.* Judge Garrard suggested a construction of Trial Rule 60(B)(6) such as to apply it to either void or voidable judgments. To date, subsection (B)(6) includes only the language: "the judgment is void."

In *Standard Lumber Co. of St. John v. Josevski*, 706 N.E.2d 1092, 1095 (Ind. Ct. App. 1999), we acknowledged, "To succeed under T.R. 60(B)(6), the petitioner must show that the judgment is void not merely voidable." We then observed "[n]evertheless, a voidable judgment would still qualify under T.R. 60(B)(8) even if it did not fall under T.R. 60(B)(6)." *Id.* at 1096.

# Analysis

## Reasonableness

[15] Unity observes that Vincennes did not appeal within sixty days of the tax deed issuance, as prescribed by Indiana Code Section 6-1.1-25-4.6(l):

> A tax deed issued under this section is incontestable except by appeal from the order of the court directing the county auditor to issue the tax deed filed not later than sixty (60) days after the date of the court's order.

Unity then argues that, if the sixty-day limit is inapplicable, Vincennes did not file its motion within a reasonable time, pursuant to Trial Rule 60(B).

[16] "Since an appeal to a tax deed can be filed through either an independent action or a motion pursuant to T.R. 60(B), both remedies are subject to the same sixty-day time frame[.]" *B P Amoco Corp. v. Szymanski*, 808 N.E.2d 683, 690 (Ind. Ct. App. 2004), *trans. denied*. However, "[a]n exception exists where a motion for relief from judgment alleges a tax deed is void due to constitutionally inadequate notice, in which case an appeal must be brought within a reasonable time rather than within sixty days." *Diversified Investments, LLC v. U.S. Bank, NA*, 838 N.E.2d 536, 545 (Ind. Ct. App. 2005), *trans. denied*.

[17] The determination of what constitutes a reasonable time varies according to the circumstances of each case. *Neace v. Gupta* (In re Tax Sale No. 24006-001-0022-01), 898 N.E.2d 349, 354 (Ind. Ct. App. 2008). Prejudice to the party opposing the motion and the reasons for the moving party's delay are relevant to the

question of timeliness. *Id.* "We have previously found that a delay of over four months to challenge the tax deed after it was issued was a reasonable time to bring the challenge." *Id.* (citing *Diversified Invs.*, 838 N.E.2d at 545)). We have also found that "[a] reasonable time within which to file a Trial Rule 60(B) motion can even exceed one year." *Id.* (citing *Standard Lumber Co. of St. John, Inc. v. Josevski*, 706 N.E.2d 1092, 1096 (Ind. Ct. App. 1999)).

[18] There was evidence before the trial court that Vincennes had no knowledge of the tax sale before the tax sale deed was recorded on March 16, 2016. Less than five months later, Vincennes filed its motion to set aside. Unity did not identify prejudice suffered as a result of that five-month delay. The trial court acted within its discretion to find that the motion to set aside was filed within a reasonable time. *See, e.g., Kessen v. Graft*, 694 N.E.2d 317, 321 (Ind. Ct. App. 1998) (appeal of order issuing a tax deed was filed within a reasonable time where a party filed its action within six months of discovering the existence of the tax sale deed).

## Set Aside for Lack of Notice

[19] Unity asserts that it provided notices that comported with due process and materially complied with statutory requirements and thus, the trial court erred in setting aside the tax deed.

[20] A tax sale proceeding must satisfy the due process requirements of the United States Constitution; accordingly, notice must be given before one is deprived of a property interest. *Lindsey*, 988 N.E.2d at 1209. "The United States Supreme

Court has held that a state must provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action' prior to taking steps which will affect a protected interest in life, liberty, or property." *Smith v. Breeding*, 586 N.E.2d 932, 936 (Ind. Ct. App. 1992) (quoting *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983)). Notice is constitutionally adequate when "the practicalities and peculiarities of the case … are reasonably met." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

A tax sale is purely a statutory creation. *Swami, Inc. v. Lee*, 841 N.E.2d 1173, 1178 (Ind. Ct. App. 2006), *trans. denied*. As such, material compliance with each step of the statute is required. *Id.*

The Indiana Supreme Court summarized the procedures for obtaining a tax deed in *Tax Certificate Investments, Inc. v. Smethers*:

> A purchaser of Indiana real property that is sold for delinquent taxes initially receives a certificate of sale. A one-year redemption period ensues. If the owners fail to redeem the property during that year, a purchaser who has complied with the statutory requirements is entitled to a tax deed. The property owner and any person with a "substantial property interest of public record" must each be given two notices.
>
> The first notice announces the fact of the sale, the date the redemption period will expire, and the date on or after which a tax deed will be filed (i.e., redemption notice). The second notice announces that the purchaser has petitioned for a tax deed (i.e., notice of petition for tax deed).

714 N.E.2d 131, 133 (Ind. 1999) (internal citations omitted).

[23] At the time of the tax sale here at issue, Indiana Code Section 6-1.1-25-4-5(c) provided for 90 days notice to the owner of record and any person with a substantial property interest of public record:

> A purchaser of a certificate of sale … is entitled to a tax deed to the property for which the certificate was sold only if: … not later than ninety days after the date of the sale … the purchaser gives notice of the sale to:
>
> (A) the owner of record at the time of the sale; and
>
> (B) any person with substantial property interest of public record in the tract or real property.

This statute entitles a purchaser to a tax deed only where proper notice is given. *Diversified*, 838 N.E.2d at 540.

[24] If a minimum bid is not forthcoming within the statutorily prescribed period, the county acquires a lien on the property in the amount of the minimum sale price. Ind. Code § 6-1.1-24-6(a). A tax certificate is issued, and the redemption period begins to run. I.C. § 6-1.1-25-4. If proper notice has been given and the relevant period expires without redemption, the tax sale certificate is exchanged for a tax deed. I.C. § 6-1.1-25-4.5(a). However, the title conveyed by a tax deed may be defeated if the notices were not in substantial compliance with the manner prescribed by applicable statutes. *IEMMA v. JP Morgan Chase Bank, N.A.*, 992 N.E.2d 732, 738 (Ind. Ct. App. 2013).

[25] Vincennes argued that Unity's tax sale deed should be set aside because Vincennes was provided no notice before the recording of the tax deed. Unity contends that Vincennes should not have prevailed upon this argument in the trial court, and points to evidence suggesting that Reverend Barry, on behalf of Unity, mailed a notice of petition for tax deed to a viable post office box.

[26] Our tax sale statutes do not specifically require that notices must, in fact, be received. *Gupta v. Busan*, 5 N.E.3d 413, 416 (Ind. Ct. App. 2014). Unity submitted into evidence a post office return receipt for an item of certified mail sent to Vincennes by Unity. Dass identified as her own the signature on the receipt. At the same time, Dass testified that Vincennes received no notice prior to the end of the redemption period. The parties alluded to or argued three possible explanations: the corresponding envelope was empty, the envelope contained correspondence pertaining to an unrelated rental property occupied by Unity, or the envelope contained a statutory notice related to the Property. At bottom, however, the testimony pertaining to the envelope contents was Reverend Barry's assertion that it contained a statutory notice and Dass's assertion that it did not contain a statutory notice, raising an inference that one was never sent. The trial court credited Dass's testimony on this matter. We are not in a position to reweigh the evidence or judge witness credibility. *Gates v. Houston*, 897 N.E.2d 532, 535 (Ind. Ct. App. 2008).

[27] Moreover, even had the trial court found that one notice was properly provided, it could have found a lack of material compliance as a whole. Unity made some attempt, partially in reliance upon mistaken information from the

Auditor's office, to notify Vincennes of the tax sale proceedings. The first notice was sent based upon an address added to the Auditor database one month after sale. Had Unity provided notice at the time of the sale, the correct address would have been available. Moreover, at all relevant times, Unity had a current address for Vincennes because of the pre-existing landlord-tenant relationship.[4] Reverend Barry first chose to use that address in connection with the Property after the redemption period expired. Even so, there is evidence that Vincennes did not receive a statutory notice on or near the claimed mailing date and, indeed, learned nothing of the tax sale before the tax deed was recorded.

[28] Our Indiana Supreme Court has observed that notice attempts must be "reasonably calculated under *all* the circumstances [to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections]" in order to be constitutionally sufficient. *Marion Cty. Auditor v. Sawmill Creek, LLC*, 964 N.E.2d 213, 219 (Ind. 2012) (emphasis in original) (citing *Mullane*, 339 U.S. at 314). Here, one circumstance peculiar to the parties is the three-year landlord-tenant relationship. The notice provided by Unity fell short of adequate notice to Vincennes to reasonably meet "the practicalities and peculiarities of the case." *Mullane*, 339 U.S. at 314-15. The trial court properly determined a lack of compliance with statutory and due process requirements.

---

[4] It is unclear when the landlord-tenant relationship ended. Dass testified that Vincennes and Unity had been involved in eviction proceedings regarding two properties other than the Property.

# Conclusion

[29]     The trial court did not abuse its discretion in treating the motion for relief as timely filed.  The tax deed was obtained without providing notice that was constitutionally sufficient for the circumstances.  Accordingly, the trial court properly granted Trial Rule 60(B) relief to Vincennes and set aside Unity's tax deed.

[30]     Affirmed.

Kirsch, J., and Pyle, J., concur.