**In re MADISON COUNTY DELINQUENT PROPERTY TAX AND ASSESSMENT REAL ESTATE SALE.**

**TAX CERTIFICATE INVESTMENTS, INC., Appellant–Respondent,**

**v.**

**David E. SMETHERS and Ellen E. Smethers, Appellees–Petitioners.**

No. 48A02–9704–CV–227.

Court of Appeals of Indiana.

Jan. 15, 1998.

Opinion Clarifying Decision on Rehearing April 6, 1998.

Brian E. Hicks, Hicks & Hicks, Indianapolis, for Appellant–Respondent.

Jeffrey A. Lockwood, Eisele, Lockwood & Chabraja, Anderson, for Appellees–Petitioners.

## OPINION

FRIEDLANDER, Judge.

Tax Certificate Investments, Inc. (TCI) appeals the trial court's judgment to invalidate its tax deed in favor of David E. Smethers and Ellen E. Smethers in this action which arose from a real estate tax sale.[1] TCI presents four issues for review, two of which are dispositive. Those restated issues are:

1. Did the trial court err in determining that Ellen was a joint owner of public record of the subject property at the time of the tax sale?

2. Did the trial court err in determining that the tax sale notices sent by TCI were inadequate?

We affirm.

The facts most favorable to the judgment are that during their marriage, David and Ellen owned certain real property in Madison County. In April 1989, the marriage dissolved and, pursuant to the decree of dissolution, the property was "set over" to David subject to a mortgage indebtedness. *Record* at 345. Ellen moved, but failed to notify the Madison County Auditor, Treasurer, Assessor, or Recorder of her new address. In July 1990, David paid Ellen "$2,000.00 representing her equity interest in the [property] and, in return, Ellen executed a release of judgment against David and a quitclaim deed to David for the property." *Record* at 345. Ellen delivered the deed to her dissolution attorney. David did not receive the deed and it was not recorded.

In approximately 1992, David became delinquent in the taxes due on the property and, as a result, the property was sold to South Trust Estate & Trust Company on October 3, 1994 at the 1994 Madison County tax sale. South Trust received a tax certificate which South Trust assigned to TCI in 1995. On May 4, 1995, TCI sent by certified mail a single notice addressed to both David and Ellen and mailed it to the subject property, it also being the former marital resi-

dence, at which Ellen did not live. The notice stated that the property had been sold and the one-year statutory redemption period had begun. *Record* at 242. On October 4, 1995, following the expiration of the redemption period, TCI sent by certified mail a single notice addressed to both David and Ellen and mailed to the subject property (the former marital address). This notice stated that a petition for tax deed had been filed for the property. *Record* at 242. On October 31, 1995, the Madison County Auditor issued a tax deed to TCI pursuant to a court order. Although David received the notices sent by TCI, he did not communicate the notices to Ellen. In fact, Ellen did not learn of the tax sale proceedings until the property was sold and the tax deed issued.

In March 1996, Ellen executed and delivered a second quitclaim deed to David for the property. On May 1, 1996, David and Ellen filed a joint petition to invalidate TCI's tax deed. After a hearing, the trial court invalidated the tax deed. TCI appeals this order.

1.

Upon TCI's request, the trial court entered findings of fact and conclusions of law pursuant to Ind.Trial Rule 52(A). When the trial court enters findings of fact and conclusions of law, reversal is appropriate only where the judgment is clearly erroneous. *New Life Comm. Church of God v. Adomatis,* 672 N.E.2d 433 (Ind.Ct.App.1996). The appellate court can not affirm judgment on any legal basis when the court enters requested specific findings and conclusions; rather, the court must decide whether the evidence supports the findings and whether the findings support the judgment. A judgment is clearly erroneous when it is unsupported by the findings of fact and conclusions entered on the findings. *Id.* Findings of facts are clearly erroneous when the record lacks any evidence or reasonable inference to support them. *Bell v. Clark,* 670 N.E.2d 1290 (Ind.1996). In determining whether the findings are clearly erroneous, we will not judge the credibility of the witnesses nor reweigh the evidence, but consider only the evidence and reasonable inferences there-

---

1. Oral argument was conducted on this case in Indianapolis on December 16, 1997.

from which support the judgment. *Fleck v. Hann,* 658 N.E.2d 125 (Ind.Ct.App.1995).

The sale of property for delinquent taxes as well as the applicable redemption rights of owners is governed by statute. *See* IC § 6–1.1–24 (West Supp.1997), IC § 6–1.1–25 (West Supp.1997). The sale phase is completed with the issuance of a certificate of sale. The redemption phase, or tax deed phase, begins with such an issuance and terminates upon the expiration of a statutory one-year period of redemption. After the redemption period has expired, the purchaser or purchaser's assignee is entitled to a tax deed, provided the assignee complies with the statutory criteria. Title conveyed by a tax deed may be defeated if the assignee fails to substantially comply with those requirements. IC § 6–1.1–25–16(7). Relevant to this appeal are the requirements embodied in IC § 6–1.1–25–4.5 and IC § 6–1.1–25–4.6, which govern notification given by the assignee to the former owners after the property has been sold.

■ At the outset, we reject TCI's contention that, in view of the dissolution decree and 1990 quitclaim deed, Ellen was not a record owner within the meaning of IC § 6–1.1–25–4.5 and IC § 6–1.1–25–4.6. A dissolution decree settles all property rights between the husband and wife, but does not affect the rights of nonparties. *In re Marriage of Dall,* 681 N.E.2d 718 (Ind.Ct.App. 1997). The deed is of no effect because it was not recorded. Therefore, the trial court did not err in determining that Ellen's joint ownership was not extinguished at the time of the tax sale.

### 2.

■ TCI contends that, assuming that Ellen was a record owner at the time of the tax sale, the trial court erred in determining that the tax sale notices were inadequate, *i.e.,* did not comply with the pertinent statutory requirements.

Pursuant to IC § 6–1.1–25–4.5 an assignee has the right to a tax deed provided the assignee gives notice of the sale "by sending a copy of the notice by certified mail to [the owners] at their last known [address]." IC § 6–1.1–25–4.6 permits an assignee to petition the court to direct the county auditor to issue a tax deed if the property has not been redeemed for the sale. The section mandates, however, that the assignee must notify the owner of the petition "in the same manner as provided in section 4.5 of this chapter ....", *i.e.,* by certified mail at their last known address.

Because David and Ellen were record owners at the time of the tax sale, the issue before us is what type of notice constitutes sufficient notification? In other words, are the statutory requirements of IC § 6–1.1–25–4.5 and IC § 6–1.1–25–4.6 satisfied when an assignee sends by certified mail a single notice addressed to joint or multiple owners?

We are guided by *Idlewine v. Madison County Bank & Trust,* 439 N.E.2d 1198 (Ind. Ct.App.1982). The facts in *Idlewine* are as follows:

> [A] [b]ank brought suit to foreclose a mortgage held on property owned by the Idlewines as tenants by the entireties. The clerk of the trial court issues (sic) a joint summons addressed to Roberta and Ronald Idlewine which was sent to the Idlewines by certified mail, Ind. Trial Rule 4.11. It was returned unclaimed. The clerk then substituted service of an "alias joint summons" to effect notice to the parties. One copy of the joint summons [sic] was delivered to the Idlewines' residence, Ind. Rules of Procedure, T.R. 4.1(A)(3), and one copy of the joint summons was sent by first class mail to the Idlewines' residence, T.R. 4.1(B). Ronald received both the summons delivered to the residence and the summons sent by first class mail. Affidavits disclosed the summons were concealed from Roberta. A default judgment and supplemental default judgment (for taxes) were entered against the Idlewines and a foreclosure sale of the property was ordered.

*Id.,* 439 N.E.2d at 1200. The trial court reversed the judgments upon its determination that it lacked personal jurisdiction to enter and enforce judgments over Roberta. Specifically, the court determined that, absent an appearance, personal jurisdiction over a person may not be acquired unless and until a copy of the summons is properly served upon that person and one copy of a joint summons delivered to a residence where two parties to the suit reside does not constitute proper service. *Idlewine,* 439 N.E.2d 1198.

Twice, TCI sent a single notice by certified mail addressed to David and Ellen Smethers. The first notice was sent in an attempt to comply with IC § 6–1.1–25–4.5, while the second was mailed in an attempt to satisfy IC § 6–1.1–25–4.6. Ellen did not receive either of the notices. TCI argues that the notices were in substantial compliance with the statutory provisions.

The trial court, in invalidating TCI's tax deed, entered the following conclusions:

5. That the consequence of this inadequate notice is that this Court never acquired personal jurisdiction over Ellen E. Smethers during the Tax Sale proceedings.

6. That due to the single joint notice, the result is that this Court never acquired personal jurisdiction over either Ellen Smethers or David Smethers during the Tax Sale proceedings.

7. That because jointly owned property cannot be transferred voluntarily or involuntarily by only one (1) owner, the Tax Sale is therefore, invalid as to the Petitioner, David E. Smethers as well.

*Record* at 243.

In applying the principles of *Idlewine,* we see no distinction between a notice and summons for the purpose of a trial court acquiring personal jurisdiction over an individual. As previously stated, without an appearance, proper service of a summons is necessary for a trial court to gain personal jurisdiction over an individual. *Idlewine,* 439 N.E.2d 1198. Similarly, in a statutory tax sale proceeding, adequate notice is a prerequisite for the trial court to acquire personal jurisdiction over a person. A single copy of a joint notice delivered to the last known address of the two owners does not constitute proper notification.[2] The trial court did not err in determining that the notices were inadequate.

Judgment affirmed.

### ON PETITION FOR REHEARING

Upon petition for rehearing, Tax Certificate Investments, Inc. challenges this court's decision. We deny the petition but write to clarify our position regarding a statement pertaining to personal jurisdiction in the context of a statutory tax sale proceeding.

Our statement regarding personal jurisdiction is not central to our holding and may have been too broad. To the extent that the opinion requires personal jurisdiction in a statutory tax sale proceeding, that interpretation was unintended. Our intent was to mandate that all joint owners receive adequate notice and that, in this case, a single copy of a joint notice delivered to the last known address of the two owners does not constitute such notification.

Subject to the above comments, the petition is denied.

KIRSCH and DARDEN, JJ., concur.

2. We note that a notice sent only to Ellen at the 927 Cardinal Way address would have either been forwarded to her or returned to TCI. Thus, Ellen would have been properly notified or TCI would have been alerted to Ellen's lack of notification.