Frederick P. SISSON, Appellant,

v.

Gail Scrougham WILSON, Appellee–Petitioner,

and

F. Richard Thomas and Sharon Thomas, Respondents.

No. 07A01–9712–CV–430.

Court of Appeals of Indiana.

Oct. 15, 1998.

---

James T. Roberts, Nashville, for Appellant.

Thomas M. Barr, Nashville, for Appellee–Petitioner.

## OPINION

SULLIVAN, Judge.

Frederick P. Sisson (Sisson), appeals the trial court's denial of his Motion For Leave to Intervene, For Relief From Final Order, and For Injunctive Relief.

We affirm.

Upon appeal, Sisson presents essentially two issues, which we restate as follows:

(1) Whether Sisson waived his right to intervene; and

(2) Whether I.C. 6–1.1–25–4.6 (Burns Code Ed. Repl.1998) imposes a duty upon a tax deed petitioner to provide notice to a non-record owner if the petitioner has actual knowledge of the latter's name and address and of his claimed interest.

Because we conclude that the statute fails to afford Sisson relief, even if he did not waive his right to intervene, we decline to address his first issue.

On March 20, 1979, Sisson purchased a 2.16 acre tract of real property in Brown County from Richard and Sharon Thomas (Thomases). Sisson failed to record the Warranty Deed.

In the spring of 1995, Gail Scrougham Wilson (Wilson) offered to purchase the property from Sisson.[1] He apparently declined. Thereafter, on July 2, 1996, Wilson filed a Verified Petition for Order Directing the Auditor of Brown County, Indiana, to Issue Tax Deed. In support of her petition, Wilson asserted that she complied with the applicable notice provisions. Wilson sent no notice to Sisson. However, Wilson did provide notice to the Thomases.

On November 12, 1996, the trial court entered its Order Directing the Auditor of Brown County, Indiana, to Issue Tax Deed to Wilson. The Auditor issued the Tax Deed on December 3, 1996, and Wilson recorded the deed on December 4, 1996. Wilson subsequently informed Sisson of her intent to secure possession of the property, at which time Sisson filed his Motion For Leave To Intervene, For Relief From Final Order, and For Injunctive Relief. The trial court denied this motion on July 24, 1997, concluding that Sisson failed to file a timely appeal from the tax deed determination.

I.C. 6–1.1–25–4.6(a) provides that "[n]otice of the filing of this petition and the date on or after which the petitioner intends to make application for an order on the petition shall be given to the owner and any person with a substantial interest of public record in the tract or real property...." In the present case, Sisson contends that, because he was the owner of the property, he was entitled to notice. We disagree. The statute requires that the petitioner provide notice "to the owner ... of public record...." *Id.* We decline an invitation to hold that the phrase "of public record" is a modifier only of a "substantial interest" holder *other than* an owner. Because Sisson failed to record his Warranty Deed, Sisson was not the owner of public record. Accordingly, he was not entitled to notice. *See generally In re Madison County* (1998) Ind.App., 690 N.E.2d 358, 360, (wife remained joint-record owner of property with former husband for purposes of I.C. 6–1.1–25–4.6(a) notice requirement because quitclaim deed was not recorded), *reh'g denied and clarified on other grounds.*

Nonetheless, Sisson argues that, because Wilson knew that he maintained an interest in the property and how to contact him, she was obliged to provide him with notice. We decline to impose such a requirement by judicial fiat. To do so would be to read the phrase "of record" out of the statute. If the legislature wishes to impose a notice require-

---

1. Wilson denies that she offered to purchase this land and, in fact, claims that she did not know that Sisson maintained an interest in the land before March of 1997. However, for the purposes of this appeal, we assume the facts to be as pleaded by Sisson.

ment as to all persons known to claim an interest, it is free to do so.

The judgment is affirmed.

KIRSCH, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

I respectfully dissent. In my view, the issue remains as to whether Wilson complied with the applicable notice provisions. As the majority observes, the notice statute, I.C. § 6–1.1–25–4.6 provides in part that "notice shall be given to the owner and any person with a substantial interest of public record." Although Sisson did not record his Warranty Deed when he purchased the property from the Thomases, he nevertheless was the "owner," albeit one not of public record. As the notice statute does not expressly provide that notice is to be given only to the owner "of public record," it is my view that Wilson was obligated to provide Sisson with notice if it is established that she knew of Sisson's interest in the property.

As a result, I would reverse the trial court's order which denied Sisson's motion for leave to intervene and for relief from final order and permit Sisson to intervene and pursue his motion for relief from judgment, understanding that Sisson must prove Wilson knew of his interest.