James R. RECKER, II, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0805–CR–262.

Court of Appeals of Indiana.

April 27, 2009.

Rehearing Denied July 13, 2009.

James R. Recker, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

James R. Recker II ("Recker") appeals the denial of his motion to convert his conviction for operating a vehicle while intoxicated as a Class D felony to a Class A misdemeanor. He raises the following restated issue: whether the trial court erred when it denied his motion because he claims that he met the requirements of Indiana Code section 35–38–1–1.5.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 1, 2006, Recker pleaded guilty to operating a vehicle while intoxicated as a Class D felony. Pursuant to his written plea agreement, Recker was sentenced to 365 days with 361 days suspended to probation and was required to complete 180 hours of community service as a condition of probation. The agreement further provided that the trial court had the discretion to enter judgment of conviction as a Class A misdemeanor either immediately or after the successful completion of probation. The court took the decision to enter the misdemeanor conviction under advisement until Recker had completed his probation. His period of probation was set to expire on February 25, 2007.

The trial court granted Recker's request to alter his community service requirement from road crew to providing his *pro bono* services as an attorney through the Legal Services Organization ("LSO"), initially, and later, the Carvel Club, and the Putnam County Office of the Public Defender. On February 6, 2007, the State filed a notice of probation violation, alleging that Recker had failed to complete the community service condition of his probation. At the hearing on March 2, 2007, Recker admitted that he had not yet completed his community service hours, and the trial court extended his probation to May 4, 2007 and added five more hours to the total to be completed. On May 11, 2007, the trial court held a hearing on the issue of Recker's completion of his community service, and Recker again admitted that he had still not completed his community service. The trial court extended Recker's probation to July 20, 2007 and set a compliance hearing for that date.

The July 20 hearing was continued to August 10, 2007, and on that date, the trial court found that Recker had not yet com-

pleted 59.45 hours of his community service requirement. The trial court extended Recker's probation to November 9, 2007 and set another compliance hearing for that date. This hearing was continued until December 18, 2007. At the hearing on that date, the trial court determined that Recker had completed 172.35 hours of community service. Recker contended to the trial court that he was only short on his hours because LSO had not reported all of the hours he had completed for them. The trial court set a verification hearing for January 22, 2008 in order to allow Recker to prove that these remaining hours had been completed.

On January 3, 2008, Recker was arrested and charged with operating a vehicle while intoxicated. Recker admitted at a January 9 hearing that he was still on probation at the time he was arrested and that his probation did not expire until January 22, 2008. *Tr.* at 72–74. The January 22 hearing was vacated due to Recker's new arrest, and at a hearing on February 15, 2008, he orally moved for the trial court to enter a Class A misdemeanor conviction, arguing that he had completed all of his community service hours prior to the December 18, 2007 hearing and was therefore not on probation at the time of his January 3 arrest. On March 5, 2008, the trial court entered an order denying Recker's motion to enter a Class A misdemeanor conviction for his previous Class D felony conviction. Recker now appeals.

## DISCUSSION AND DECISION

■ Recker argues that the trial court erred when it denied his motion to modify his Class D felony conviction for operating a vehicle while intoxicated to a Class A misdemeanor conviction. He relies on Indiana Code section 35–38–1–1.5 for these contentions. He asserts that the trial court was required to grant his motion

because the prosecutor had consented to the proposed modification in the original plea agreement, the trial court agreed to the condition by implementing it into the judgment of conviction, he had not committed any prior felony which had been reduced to a misdemeanor, and he had completed all of the terms of his probation prior to being arrested on January 3, 2008.

 Whether Recker is entitled to modification of conviction is a matter of statutory interpretation. A question of statutory interpretation is a matter of law to be determined de novo. *Leeth v. State,* 868 N.E.2d 65, 67 (Ind.Ct.App.2007) (citing *Maynard v. State,* 859 N.E.2d 1272, 1274 (Ind.Ct.App.2007), *trans. denied* ). We are not bound by the trial court's legal interpretation of a statute and need not give it any deference. *Id.* We independently determine the statute's meaning and apply it to the facts before us, using the express language of the statute and following the rules of statutory construction. *Id.* "Where the language of the statute is clear and unambiguous, there is nothing to construe; however where the language is susceptible to more than one interpretation, the statute must be construed to give effect to the legislature's intent." *Id.* at 67–68. We presume that the legislature intended the language to be applied logically and not to bring about an unjust or absurd result. *Id.* at 68.

Indiana Code section 35–38–1–1.5 states in pertinent part:

(a) A court may enter judgment of conviction as a Class D felony with the express provision that the conviction will be converted to a conviction as a Class A misdemeanor within three (3) years if the person fulfills certain conditions. A court may enter a judgment of conviction as a Class A misdemeanor only if the person pleads guilty to a Class D felony that qualifies for consideration as a Class A misdemeanor under IC 35–50–2–7,[1] and the following conditions are met:

(1) The prosecuting attorney consents.

(2) The person agrees to the conditions set by the court.

(b) For a judgment of conviction to be entered under subsection (a), the court, the prosecuting attorney, and the person must all agree to the conditions set by the court under subsection (a).

(c) The court is not required to convert a judgment of conviction entered as a Class D felony to a Class A misdemeanor if, after a hearing, the court finds:

(1) the person has violated a condition set by the court under subsection (a); or

(2) the period that the conditions set by the court under subsection (a) are in effect expires before the person successfully completes each condition.

However, the court may not convert a judgment of conviction entered as Class D felony to a Class A misdemeanor if the person commits a new offense before the conditions set by the court under subsection (a) expire.

(d) The court shall enter judgment of conviction as a Class A misdemeanor if the person fulfills the conditions

1. Indiana Code section 35–50–2–7 states in relevant part that a trial court may enter a judgment of conviction for a Class D felony as a Class A misdemeanor unless the defendant has committed a prior, unrelated felony for which judgment was entered as a conviction of a Class A misdemeanor or the offense is domestic battery or possession of child pornography. Ind.Code § 35–50–2–7(b).

set by the court under subsection (a).

Here, Recker pleaded guilty to operating a vehicle while intoxicated as a Class D felony on March 1, 2006. Pursuant to the plea agreement, he was sentenced to a 361–day probationary period and 180 hours of community service, and the trial court took the decision as to whether to convert Recker's conviction to a Class A misdemeanor under advisement until Recker had successfully completed his probation. Recker's probationary period was due to expire on February 25, 2007. He thereafter received four extensions of his probation in order to complete his community service hours. Prior to the hearing on January 22, 2008, at which Recker was to show that he had successfully completed his community service requirement, he was arrested and charged with operating a vehicle while intoxicated. At a January 9, 2008 bond hearing, Recker admitted that he was still on probation until January 22, 2008.

Indiana Code section 35–38–1–1.5(c) states that the trial court is not required to convert a judgment to a Class A misdemeanor if the court finds that the defendant violated a condition set by the court or if the period of probation expired prior to the defendant successfully completing the conditions. Ind.Code § 35–38–1–1.5(c)(1)(2). The subsection states further that the trial court may not convert the judgment if a defendant commits a new offense before the conditions set by the court expire. *Id.* Recker violated two of these provisions. First, he did not successfully complete his 180 hours of community service before his probationary period expired on February 25, 2007; instead, he sought and obtained four extensions of time in which to do so. Therefore, the trial court was not required to convert his conviction because he had not successfully completed the conditions of his probation before his probationary period expired.

Second, at the December 18, 2007 hearing, the trial court extended Recker's probationary period until a hearing on January 22, 2008 to verify that he had completed his community service hours. Recker was subsequently arrested on January 3, 2008 and charged with operating a vehicle while intoxicated as a Class D felony. Thus, he was still on probation at the time that he committed the new offense. Under Indiana Code section 35–38–1–1.5(c), the trial court may not convert a conviction when a defendant commits a new offense before the probationary conditions expire. We, therefore, conclude that the trial court did not err when it denied Recker's motion to enter judgment as a Class A misdemeanor.

Affirmed.

RILEY, J., and MATHIAS, J., concur.