Rick **BADAWI** and **Wells Fargo Bank, N.A.,** Appellants–Plaintiff/Intervenor,

v.

Susan **ORTH, Allen County Treasurer, and Lisbeth A. Blosser, Allen County Auditor,** Appellees–Defendants.

**and**

James K. **White** and **Wells Fargo Bank, N.A.,** Appellants–Plaintiff/Intervenor,

v.

Susan **Orth, Allen County Treasurer, and Lisbeth A. Blosser, Allen County Auditor,** Appellees–Defendants.

Nos. 02A03–1101–MI–7, 02A03–1101–MI–8.

Court of Appeals of Indiana.

Oct. 21, 2011.

---

8. *See* Ind.Code § 9–24–19–1.

Matthew S. Love, Feiwell & Hannoy, P.C., Indianapolis, IN, Attorney for Appellants.

Thomas A. Hardin, Shine & Hardin, LLP, Fort Wayne, IN, Attorney for Appellees.

## OPINION

KIRSCH, Judge.

Wells Fargo Bank, N.A. ("Wells Fargo") appeals the trial court's orders overruling Wells Fargo's objection to the issuance of a tax deed to two pieces of real estate. Wells Fargo raises the following restated issue for our review: whether the trial court erred when it overruled Wells Fargo's objection to the issuance of the tax deeds because Wells Fargo contends that the Allen County Treasurer and the Allen County Auditor (collectively, "Allen County") did not properly serve two tax sale notices upon Wells Fargo.

We affirm.

## FACTS AND PROCEDURAL HISTORY

During the 2009 Allen County Tax Sale process, on October 6, 2009, the trial court granted Allen County's application for judgment and order of sale relating to

numerous properties with delinquent property taxes, including the property commonly known as 2401 East Maple Grove, Fort Wayne, Indiana and the property commonly known as 5121 Holton Avenue, Fort Wayne, Indiana (collectively, "the Real Estate"). Wells Fargo held the mortgage on 2401 East Maple Grove, dated June 5, 2006, which was executed by property owner Rick Badawi and recorded with the Allen County Recorder on June 9, 2006. Wells Fargo held the mortgage on 5121 Holton Avenue, dated July 17, 2006, which was executed by property owner James K. White and recorded with the Allen County Recorder on August 7, 2006.

The parties do not dispute that Allen County properly issued a Notice of Sale required by Indiana Code section 6–1.1–24–4. In June 2010, Allen County sent by certified letter, return receipt requested, the Notice of the Right of Redemption required by Indiana Code section 6–1.1–25–4.5(a)(3) to the properties' owners and to Wells Fargo. The notices were mailed to "Wells Fargo Bank NA, 111 E. Wayne St., Fort Wayne, IN 46802" ("111 E. Wayne St. address") and to "Wells Fargo Bank NA, P.O. Box 5137, Des Moines, IA 50306," ("P.O. Box 5137 address") which was the address set forth in the mortgage documents. *Appellant Badawi's App.*[1] at 11, 39, 43; *Appellant White's App.* at 11, 45, 56. The notice of the right of redemption was received and accepted at the 111 E. Wayne St. address. *Appellant Badawi's App.* at 43; *Appellant's White's App.* at 56. In late October 2010, Allen County sent by certified letter, with return receipt requested, the Notice of Petition

for Tax Deed required by Indiana Code section 6–1.1–25–4.6(a) to the property owners and to Wells Fargo. Allen County once again sent the notice to the 111 E. Wayne St. address and to the P.O. Box 5137 address. The notice of petition for tax deed was received and accepted at both addresses. *Appellant Badawi's App.* at 44; *Appellant White's App.* at 57.[2]

On November 3, 2010, Allen County moved the trial court for an order authorizing it to issue tax deeds for the various properties sold at the October 2009 tax sale that had not already been redeemed, including the Real Estate. On December 3, 2010, Wells Fargo filed an objection to the petition for issuance of a tax deed as to the Real Estate. A hearing was held on Wells Fargo's objection, and on December 17, 2010, the trial court issued an order overruling the objection and authorizing the issuance of tax deeds for the Real Estate. Wells Fargo now appeals.

## DISCUSSION AND DECISION

■ Wells Fargo argues that Allen County failed to properly serve the tax sale notices upon Wells Fargo, and therefore, the trial court should have denied Allen County's petition for tax deed and allowed Wells Fargo to redeem the Real Estate from tax sale. Specifically, Wells Fargo contends that this court should find that the requirements of Indiana Trial Rule 4.6 regarding service upon organizations should apply to the service of tax sale notices required under Indiana Code sections 6–1.1–25–4.5 and –4.6. Under this theory, Wells Fargo asserts that the tax

1. This case involves the resolution of two separately filed cases involving virtually identical parties. Because the circumstances of the cases and the issues addressed are the same, we decide these two separate cases together in one opinion. However, the two appendices are paginated differently, so we will refer

to each separately, using the property owner's name to differentiate between the two.

2. We will refer to the Notice of the Right of Redemption and the Notice of Petition for Tax Deed collectively as "the tax sale notices" for the rest of the opinion.

sale notices should have been served upon an executive officer or agent appointed to receive service as required under Trial Rule 4.6 in order to constitute proper notice.

Indiana Code chapter 6–1.1–24 governs the sale of real property when taxes or special assessments become delinquent. When a real estate owner fails to pay property taxes, the property may be sold to satisfy the outstanding tax obligation. *Neace v. Gupta (In re 2005 Tax Sale Parcel No. 24006–001–0022–01)*, 898 N.E.2d 349, 353 (Ind.Ct.App.2008). If there has been material compliance with each statutory step governing the tax sale process, the trial court can order that the purchaser at the tax sale be granted a tax deed. *Id.* (citing *Schaefer v. Kumar*, 804 N.E.2d 184, 191 (Ind.Ct.App.2004), *trans. denied*). However, the tax deed may be set aside if the three notices required by statute were not in substantial compliance with the statutory requirements. Ind. Code § 6–1.1–25–16(7). Each tax sale notice must be sent to the owner of record at the last known address of the owner and to "any person with a substantial interest of public record at the address for the person included in the public record that indicates the interest." Ind.Code § 6–1.1–25–4.5(d); *see also* Ind.Code § 6–1.1–25–4.6(a)(2) ("Notice of the filing of this petition shall be given to the same parties and in the same manner as provided in section 4.5 of this chapter. . . .").

As the tax sale notice procedure is set out by statute, our inquiry requires statutory interpretation. A question of statutory interpretation is a matter of law to be determined de novo. *Recker v. State*, 904 N.E.2d 724, 726 (Ind.Ct.App.2009), *trans. denied.* We are not bound by the trial court's legal interpretation of a statute and need not give it any deference. *Id.* We independently determine the statute's meaning and apply it to the facts before us, using the express language of the statute and following the rules of statutory construction. *Id.* " 'Where the language of the statute is clear and unambiguous, there is nothing to construe; however where the language is susceptible to more than one interpretation, the statute must be construed to give effect to the legislature's intent.' " *Id.* (quoting *Leeth v. State*, 868 N.E.2d 65, 67–68 (Ind.Ct.App. 2007)). We presume that the legislature intended the language to be applied logically and not to bring about an unjust or absurd result. *Id.*

Both Indiana Code section 6–1.1–25–4.5 and section 6–1.1–25–4.6 require that tax sale notices be sent to any person with a substantial interest of public record at the address included in the public record. In the present case, Allen County sent the tax sale notices by certified mail, return receipt requested, to the name and address included in the public record that indicated Wells Fargo's interest in the Real Estate, the mortgage documents, which was "Wells Fargo Bank NA, P.O. Box 5137, Des Moines, IA 50306," and also to "Wells Fargo Bank NA, 111 E. Wayne St., Fort Wayne, IN 46802." *Appellant Badawi's App.* at 11, 43, 44; *Appellant White's App.* at 11, 56, 57. The notice of the right of redemption was received and accepted at the 111 E. Wayne St. Address, and the notice of petition for tax deed was received and accepted at both addresses. Therefore, Allen County complied with the statutory requirements regarding sending the tax sale notices.

Wells Fargo asserts that the requirements of Trial Rule 4.6, that service upon an organization must be made upon an executive officer or appointed agent to be proper, applies to tax sale notices. It initially cites to *Volunteers of America v. Premier Auto Acceptance Corp.*, 755

N.E.2d 656 (Ind.Ct.App.2001), which held that the service of a summons was not adequate because the summons was not properly addressed to an "executive officer" as required by Trial Rule 4.6(A)(1). *Id.* at 660. That case is clearly distinguishable from the present case as it dealt with the service of a summons upon an organization, which is governed by Trial Rule 4.6, while here, tax sale notices are controlled by statute.

Wells Fargo contends that two other decisions by this court support its contention that tax sale notices should be treated like summonses and be required to comply with the service requirements of Trial Rule 4.6. In *Tax Certificate Investments, Inc. v. Smethers,* 690 N.E.2d 358 (Ind.Ct. App.1998), *trans. granted,* this court held that "a single copy of a joint notice delivered to the last known address of the two owners does not constitute proper notification." *Id.* at 361. In its analysis, this court stated that "we see no distinction between a notice and summons for the purpose of a trial court acquiring jurisdiction over an individual," which Wells Fargo points to as support for its argument. *Id.* Although this statement did appear in the case, our Supreme Court subsequently granted transfer and vacated the Court of Appeals opinion in *Tax Certificate Investments, Inc. v. Smethers,* 714 N.E.2d 131 (Ind.1999). Our Supreme Court held that "[a] single notice to joint owners of record listed at a single address suffices under the plain language of the statute, as well as under the requirements of due process" and did not rely upon the trial rules pertaining to summonses in its analysis. Therefore, the Court of Appeals case no longer has any precedential value, and we are not bound by its holding or analysis.

Wells Fargo also cites to *Reeder Associates II v. Chicago Belle, Ltd.,* 778 N.E.2d 828 (Ind.Ct.App.2002), *trans. denied* (2003), as being instructive to its argument. In that case, a panel of this court held that tax sale notices that did not contain the name of the registered agent of the corporation, when the county auditor's records included the name and address of the registered agent as part of its address of record, did not comport with due process requirements. *Id.* at 834–35. The omission of the registered agent's name from the address used on the tax sale notices was material because the registered agent's name was included in the county auditor's records and not because the county auditor had an obligation to do so pursuant to Trial Rule 4.6. *Id.* at 835. Therefore, the *Reeder Associates II* case is distinguishable from the present case because Allen County's records did not contain the name of a registered agent or any executive officer for Wells Fargo, and Allen County sent the tax notice to the address contained in its records. Further, nothing in the *Reeder Associates II* case requires county auditors to comply with Trial Rule 4.6 when sending tax sale notices.

The sending of tax sale notices is governed by statute, and the fact that the Indiana Supreme Court has set out a different procedure in the trial rules for service of process upon organizations is of no moment. Under both Indiana Code section 6–1.1–25–4.5(d) and section 6–1.1–25–4.6(a)(2), tax sale notices are required to be sent to "any person with a substantial property interest of public record at the address for the person included in the public record that indicates the interest." Nowhere in the statute does it require compliance with Trial Rule 4.6 when sending tax sale notices. In the present case, Allen County sent both of the tax sale notices at issue by certified mail, return receipt requested, to the address listed in the mortgage document and to another local address. Therefore, as the tax sale

notices were sent in accordance with the statutory requirements, we conclude that they comported with due process requirements. The trial court did not err in overruling Wells Fargo's objections to the issuance of the tax deeds for the Real Estate because Allen County properly served the tax sale notices on Wells Fargo.

Affirmed.

BAKER, J., and NAJAM, J., concur.