**BOARD OF COMMISSIONERS OF THE COUNTY OF JASPER, Indiana, Petitioner,**

v.

**Micah G. VINCENT, Commissioner, Indiana Department of Local Government Finance,[1] Respondent.**

**No. 49T10–1011–TA–59.**

Tax Court of Indiana.

May 17, 2013.

N. Kent Smith, Hall, Render, Killian, Heath & Lyman, P.C., Indianapolis, IN, Attorney for Petitioner.

1. The Court removes Brian E. Bailey from the caption and substitutes his successor Micah G. Vincent, who is the Commissioner of the Indiana Department of Local Government Finance, pursuant to Indiana Trial Rule 25. *See* Ind. Trial Rule 25(F).

Gregory F. Zoeller, Attorney General of Indiana, John D. Snethen, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

WENTWORTH, J.

This case concerns the Department of Local Government Finance's (DLGF) determination that Indiana Code § 16–22–5–4 provides for the establishment of only one cumulative building fund and levy during the life of a county hospital. The Court finds it does not.

## FACTS AND PROCEDURAL HISTORY

On June 7, 2010, the Jasper County Board of Commissioners issued a resolution seeking to establish a cumulative building fund and levy for enlarging, equipping, and remodeling the Jasper County Hospital. The Commissioners' resolution requested that the Jasper County Council levy a tax, not to exceed $0.007 on each $100 of assessed value, on all taxable property within the county for up to three years. The Council subsequently approved the Commissioners' request. On October 15, 2010, however, the DLGF denied the Commissioners' request, and on November 29, 2010, the Commissioners initiated this original tax appeal. The Commissioners moved for summary judgment [2] on June 1, 2011, and the Court held a hearing on September 28, 2011. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

The Commissioners assert that the DLGF's denial of its request to establish a cumulative building fund and levy under Indiana Code § 16–22–5–4 is arbitrary, ca-

pricious, and contrary to law. A final determination of the DLGF is arbitrary and capricious if it is " 'patently unreasonable' and is 'made without consideration of the facts and in total disregard of the circumstances and lacks any basis which might lead a reasonable person to the same conclusion.' " See Davis v. City of Kokomo, 919 N.E.2d 1213, 1222 (Ind.Ct.App.2010) (citation omitted). A final determination of the DLGF is contrary to law if it violates any statute, constitutional provision, legal principle, or rule of substantive or procedural law. See John Malone Enter., Inc. v. Schaeffer, 674 N.E.2d 599, 606 (Ind. Ct.App.1996).

## ANALYSIS

Indiana Code § 16–22–5–4, the statute at issue in this case, states:

To provide for the cumulative building fund, a tax on all taxable property within the county may be levied annually for not more than twelve (12) years and may not exceed eleven and sixty-seven hundredths cents ($0.1167) on each one hundred dollars ($100) of assessed valuation of property in the county.

IND.CODE § 16–22–5–4 (2010). The Commissioners contend that the plain language of Indiana Code § 16–22–5–4 does not limit the number of times a county hospital board may seek to establish a cumulative building fund and levy. (See Hr'g Tr. at 9–10; Pet'r Br. at 9.) They maintain that the absence of such a limitation is consistent with the purpose of the current and prior versions of this statutory scheme, which are all intended to fund the recurring events in the life of a county hospital building. (See Pet'r Reply Br. at 3–5; Pet'r Br. at 4–12.) See also IND.CODE

2. While the Commissioners moved for summary judgment and designated evidence as support, they later determined that this matter need not be resolved by summary judgment. (See Hr'g Tr. at 6–8.) Therefore, the Court has considered only those facts that are supported by the certified administrative record.

§ 16–22–5–3 (2010) (providing for the creation of a cumulative building fund in order to establish, enlarge, construct, acquire, equip, or remodel county hospital buildings). Thus, the Commissioners claim the DLGF's interpretation that Indiana Code § 16–22–5–4 provides for only one cumulative building fund and levy during the service life of a county hospital is unreasonable. (*See* Pet'r Br. at 8, 12.)

The DLGF, however, contends that the specific phrase in the statute, "for not more than twelve (12) years," means that a county may only establish one cumulative building fund and levy for up to 12 years, not that it may establish a new fund and levy every 12 years. (*See* Hr'g Tr. at 29; Resp't Br. at 7, 9–10.) The DLGF argues that its interpretation supports the statute's true purpose: funding large hospital projects rather than small, routine maintenance projects. (*See* Hr'g Tr. at 23–24; Resp't Post Hr'g Br. at 6–8.)

When a statute is clear and unambiguous, the Court need not apply the rules of construction other than to require that its words and phrases be taken in their plain, ordinary, and usual sense. *See City of Carmel v. Steele,* 865 N.E.2d 612, 618 (Ind.2007). When a statute is susceptible to more than one interpretation, as it is here, it is ambiguous and other well-established rules of construction are applicable. *See id.* The Court's primary goal in construing Indiana Code § 16–22–5–4 is to determine and implement the intent of the Legislature in enacting the statute. *See DeKalb Cnty. E. Cmty. Sch. Dist. v. Dep't of Local Gov't Fin.,* 930 N.E.2d 1257, 1260 (Ind. Tax Ct.2010) (citation omitted). Thus, the Court must read the statute and related provisions as a whole, not piecemeal. *See id.* (citation omitted). Furthermore, because the Court presumes the Legislature intended Indiana Code § 16–22–5–4 be applied logically, it must read the statute in such a way as to prevent unjust or absurd results. *See id.* (citation omitted); *Badawi v. Orth,* 955 N.E.2d 849, 852 (Ind.Ct.App.2011) (citation omitted).

In ascertaining the Legislature's intent, the Court may consider the history and development of Indiana Code § 16–22–5–4. *See Sangralea Boys Fund, Inc. v. State Bd. of Tax Comm'rs,* 686 N.E.2d 954, 957 (Ind. Tax Ct.1997) (citations omitted), *review denied.* As early as 1903, the General Assembly made clear that the predecessor to Indiana Code § 16–22–5 *et seq.* was intended to provide county hospital boards with the means to establish *and* maintain county hospitals. *See* 1903 Ind. Acts 167; *see also, e.g.,* 1917 Ind. Acts 527. In 1953, the General Assembly, consistent with this purpose, established cumulative building funds:

> The board of trustees of any county hospital organized and operating under the laws of the State of Indiana . . . are authorized *to provide a cumulative building fund to provide for the erection of hospital buildings and/or the erection of additions to and the remodeling of the present buildings used for hospital purposes and owned by the county in which such hospital is located.*

1953 Ind. Acts 128–29 (emphasis added). At that time, the General Assembly also specified that:

> [t]o provide for said cumulative building or remodeling fund the board of trustees of such county hospital shall have the power, with the approval of the county council, *to levy annually for five years* in *any one period of ten consecutive years,* a tax on all taxable property within the civil cities, towns and townships in such taxing district, but such levy by said county hospital shall not exceed two mills on the dollar of assessed valuation of property in such taxing district.

*See* 1953 Ind. Acts. 130 (emphases added). These two temporal restrictions provided for *recurrent* levies, but confined them to a "rolling" ten-year period that also included a five-year "no-levy" period. *See id.* In 1963, the General Assembly extended the "rolling" levy period to fifteen years and reduced the "no-levy" period to three years. *See* 1963 Ind. Acts. 303–04.

Then, in 1971, the General Assembly eliminated the "no-levy" period from the statute altogether:

> To provide for such cumulative building fund, *a tax on all taxable property within the county may be levied annually for a period not to exceed twelve (12) years,* and such tax levy shall not exceed thirty-five cents (35¢) on the one hundred dollars ($100.00) of assessed valuation of property in the county[.]

1971 Ind. Acts. 865 (emphasis added). Nothing within this statutory language indicates, however, that the elimination of the "no-levy" period imposed a limit on the number of times cumulative building funds and levies could be established.

In 1997, the General Assembly amended the statute again:

> To provide for the cumulative building fund, *a tax on all taxable property within the county may be levied annually for not more than twelve (12) years* and may not exceed eleven and sixty-seven hundredths cents ($0.1167) on each one hundred dollars ($100) of assessed valuation of property in the county.

*See* 1997 Ind. Acts. 1084 (emphasis added). This version of the statute, which was in effect for 2010 (the year at issue in this case) changed the phrase "for a period not to exceed twelve (12) years" to the phrase "for not more than twelve (12) years[.]" *Cf.* 1997 Ind. Acts. 1084 *with* 1971 Ind. Acts. 865. This amendment did not change the statute's meaning, however, to newly allow just one cumulative fund and levy to be established in the life of a county hospital. Rather, the amendment merely clarified the General Assembly's intent as first expressed in 1971: that any single cumulative building fund levy should not exceed twelve years. The statutory history of Indiana Code § 16–22–5–4, therefore, consistently articulates the intent to allow recurring cumulative building funds and levies, not to limit the number of funds and levies that may be established during the life of a county hospital.[3]

Despite the statute's underlying purpose, the DLGF offers three reasons why Indiana Code § 16–22–5–4 must be construed as allowing only a one-time, nonrenewable fund and levy. First, the DLGF claims that because other cumulative building fund statutes lack term limits entirely and use lower tax rates, the term limits and higher tax rates in Indiana Code § 16–22–5–4 necessarily create a one-time, non-renewable fund and levy. (*See* Hr'g Tr. at 23–24; Resp't Br. at 8–10.) (*See also* Resp't Post Hr'g Br. at 5–6, 8–10 (*citing, e.g.,* IND.CODE § 36–8–14–4 (2010) (firefighting cumulative building funds); IND.CODE § 36–10–3–21 (2010) (park and recreations cumulative building funds); IND.CODE § 36–9–17.5–4 (2010) (local government transportation and public works cumulative building funds)).) The lack of term limits in the other cumulative building fund statutes, however, does not lead inexorably to the conclusion the DLGF urges. Instead, the lack of term limits in

---

**3.** The certified administrative record supports this conclusion because it demonstrates that the DLGF as well as its predecessor agency, the State Board of Tax Commissioners, approved at least five petitions to establish cumulative building funds and levies for the Jasper County Hospital between 1995 and 2009. (*See* Supp'l Cert. Admin. R. at 1–2; see also Pet'r Br. at 10–11.).

those statutes is more logically related to the statutes' divergent purposes, differing procedures for establishment, or particular tax rates. Accordingly, attempting to harmonize Indiana Code § 16–22–5–4 with the other cumulative building fund statutes is inappropriate because the county hospital cumulative building fund statute does not concern the same subject or purpose as the other cumulative building fund statutes. *See Lake Cnty. Assessor v. Amoco Sulfur Recovery Corp.*, 930 N.E.2d 1248, 1254–55 (Ind. Tax Ct.2010) (stating that courts should attempt to harmonize statutes that are in *pari materia*), *review denied.*

Next, the DLGF contends that because the county hospital cumulative building fund's statutory scheme provides alternative financing options (*i.e.*, bonds and loans), Indiana Code § 16–22–5–4 must restrict county hospital cumulative building funds to one 12 year period. (*See* Resp't Post Hr'g Br. at 6–7.) The availability of other financing options in Indiana Code § 16–22–5 *et seq.* does not support the DLGF's interpretation; rather, the existence of alternative funding indicates an intent to provide flexibility to county hospitals for maintaining and updating their facilities, not to restrict them to one-time levies.[4]

Finally, the DLGF claims its restrictive interpretation of the statute is correct because it protects taxpayers from the hard-ships of continually paying for large cumulative building fund levies. (*See* Hr'g Tr. at 24; Resp't Br. at 9–10.) Nonetheless, this argument discounts or completely ignores the significant role county executives and fiscal bodies play in approving cumulative building fund levy requests as well as the important role taxpayers play in contesting new levies through a statutorily provided remonstrance process. *See* IND. CODE §§ 16–22–5–3 to –11 (2010). Consequently, none of the DLGF's reasons persuade the Court that Indiana Code § 16–22–5–4 provides for a single fund and levy during the service life of a county hospital.

## CONCLUSION

For the above-stated reasons, the DLGF's denial of the Commissioners' request to establish a cumulative building fund and levy under Indiana Code § 16–22–5–4 for the 2010 tax year is arbitrary, capricious, and contrary to law. Consequently, the Court REVERSES the DLGF's final determination and REMANDS this matter for action consistent with this opinion.

---

4. Indeed, market conditions may affect a county hospital's decision whether to seek loans, issue and sell bonds, or request the establishment of cumulative building funds and levies.