**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**ROBERT FAISON ALDEN**
**ELLEN M. O'CONNOR**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| USMAN ALIM KHAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1306-CR-470 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable William J. Hughes, Judge
Cause No. 29D03-0905-FA-202

**December 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

Usman Alim Khan[1] appeals the denial of his petition for alternative misdemeanor sentencing. We affirm.

On May 15, 2009, the State charged Khan with class A felony dealing in cocaine. On August 26, 2010, Khan and the State entered into a plea agreement, wherein Khan agreed to plead guilty to class D felony possession of cocaine. Pursuant to the plea agreement, the trial court sentenced Khan to a two-year sentence, suspended to probation with all the standard terms and conditions and with the requirement that he successfully complete a drug/alcohol assessment and comply with treatment recommendations. The conditions included that he report to the probation department as directed and not consume or possess any controlled substance unless prescribed by a physician. The sentencing order also provided that the "state will not object to alternative misdemeanor treatment after successful completion of probation and all terms herein so long as filed within 60 days of successful completion and otherwise eligible." Appellant's App. at 20.

On August 22, 2012, the State filed a notice of probation violation, alleging that Khan failed to report to his probation officer on July 20 and 27 and August 8 and 15, 2012, and had tested positive for marijuana on April 13, 2012. On October 26, 2012, a factfinding hearing was held, at which Khan admitted to the violations. The parties agreed to recommend to the court that Khan's probation be extended for one year under all the same terms and conditions, again requiring that he successfully complete a drug/alcohol assessment and comply with

---

[1] Khan is variously referred to as Usman Allimkhan and AllimKhan Usman. Khan states that his name is Usman Alim Khan, and therefore that is the name we have used.

treatment recommendations. The trial court accepted the parties' recommendation and further provided that Khan's probation could terminate after six months if he successfully completed all of its terms.

On January 14, 2013, the State filed a notice of completion of probation, and on January 16, 2013, the trial court discharged him from probation. On March 6, 2013, Khan filed a petition to enter judgment of conviction as a class A misdemeanor, to which the State filed a written objection. On May 2, 2013, following a hearing, the trial court found that Khan violated probation and therefore did not successfully complete probation. The trial court denied his petition. Khan appeals.

Khan filed his petition for alternative misdemeanor sentencing pursuant to Indiana Code Section 35-38-1-1.5, which permits the trial court to convert certain class D felony convictions to a conviction for a class A misdemeanor when the conditions specified in the statute are met. However, Section 35-38-1-1.5(c) provides, "the court may not convert a judgment of conviction entered as a Class D felony to a Class A misdemeanor if the person commits a new offense before the conditions set by the court under subsection (a) expire."

Here, Khan admitted that he had possessed and used marijuana during his probation. Not only was that a violation of the conditions of his probation, it is a criminal offense. *See* Ind. Code § 35-48-4-11. Section 35-38-1-1.5 does not require the conviction of a criminal offense, just the commission of the offense. *See Recker v. State*, 904 N.E.2d 724, 727 (Ind. Ct. App. 2009) (concluding that trial court was not permitted to convert Recker's class D felony conviction to class A misdemeanor conviction where he was arrested and charged

3

with operating while intoxicated while still on probation), *trans. denied*. Khan committed a new offense while on probation. Therefore, the trial court was statutorily barred from granting Khan's petition for misdemeanor sentencing and properly denied his petition.

Affirmed.

BAKER, J., and NAJAM, J., concur.