Samuel L. GATES, Appellant/Plaintiff/Counter defendant, Third–Party Defendant,

v.

George J. HOUSTON III, Appellee/Defendant/Counterclaimant,

and

Houston Properties, LLC, Appellee/Third–Party Plaintiff.[1]

No. 82A01–0804–CV–198.

Court of Appeals of Indiana.

Dec. 9, 2008.

1. George Houston III and Houston Properties did not file appellate briefs, and neither Houston's counterclaim nor Houston Properties' third-party claim is included in the record. Pursuant to Indiana Appellate Rule 17(A), however, a party of record in the trial court is a party on appeal.

Robert R. Faulkner, Evansville, IN, Attorney for Appellant.

## OPINION

BRADFORD, Judge.

Appellant/Plaintiff Samuel Gates appeals the trial court's judgment in favor of Appellee/Defendant George Houston III following Gates's declaratory judgment action against Houston. Upon appeal, Gates challenges the trial court's judgment. We affirm.

## FACTS AND PROCEDURAL HISTORY

In the spring of 2004, Houston acquired a partnership interest in AAA Roofing, which at that time was owned and operated by Gates. In exchange for his partnership interest, Houston paid $10,000, and he acquired materials for the company using his credit cards. Gates and Houston agreed to share the profits, with each of them receiving fifty percent.

Beginning in late 2004, Houston purchased various properties, many from tax sales. These properties were purchased by Houston in his name or the name of his company, Houston Properties. Houston's plan was to repair and either rent or sell the properties. The parties dispute the source of the funds used to purchase these properties. According to Houston, he purchased the properties with his own credit and funds, including his share of the profits from AAA Roofing. Gates contended that the properties were purchased with jointly-owned AAA Roofing funds.

AAA Roofing did a great deal of the repair work on the properties, for which it was compensated. In addition, Gates individually worked on the properties and collected rents. Houston paid Gates by dividing equally with him the profits from rents generated by the properties. Hous-

ton and Gates shared in these rents from approximately 2005 until February 2007. In February 2007, Gates gave Houston the rents he had collected, which according to Houston did not reflect a proper accounting of the rent due and was thousands of dollars short. Thereafter, Gates's involvement with the properties terminated, and he did not receive a share of the rents.

On April 26, 2007, Gates filed a complaint against Houston requesting, *inter alia*, a declaratory judgment declaring him to be co-owner of the properties.[2] On January 17, 2008, the trial court conducted a bench trial and granted Gates's request for findings of fact and conclusions thereon. Following the parties' submissions of their proposed findings and conclusions, the trial court entered judgment in favor of Houston. This appeal follows.

## DISCUSSION AND DECISION

■ Gates challenges the trial court's judgment by claiming that the uncontroverted evidence compels the conclusion that Houston's real estate operation was part of his AAA Roofing partnership with Gates. Where a trial court has entered findings of fact and conclusions thereon pursuant to a party's request, we engage in the following two-tiered standard of review:

> We must first determine whether the evidence supports the findings of fact and then whether the findings support the judgment. We will not reverse the trial court's findings and judgment unless they are clearly erroneous. Findings of fact are clearly erroneous when the record lacks any facts or reasonable inferences from the evidence to support them. The judgment is clearly errone-

---

2. The CCS and judgment suggest that Houston filed a counterclaim and added Houston Properties as a third-party plaintiff. These pleadings were not included in the record, nor are they the subject of the instant appeal, so we do not address them.

ous when it is unsupported by the findings of fact and conclusions entered on the findings. In making these determinations, we will neither reweigh the evidence nor judge witness credibility, considering only the evidence favorable to the judgment and all reasonable inferences therefrom.

While we defer substantially to findings of fact, we do not do so for conclusions of law. We apply a de novo standard of review to conclusions of law and owe no deference to the trial court's determination of such questions.

*Mueller v. Karns*, 873 N.E.2d 652, 657 (Ind.Ct.App.2007), *reh'g denied* (citations omitted).

■■■ We define the clearly erroneous standard based upon whether the party is appealing a negative judgment or an adverse judgment. *Fowler v. Perry*, 830 N.E.2d 97, 102 (Ind.Ct.App.2005). Where, as here, the party who had the burden of proof at trial appeals, he appeals from a negative judgment and will prevail only if he establishes that the judgment is contrary to law. *Id.* A judgment is contrary to law when the evidence is without conflict and al l reasonable inferences to be drawn from the evidence lead to only one conclusion, but the trial court reached a different conclusion. *Id.*

In determining whether Houston's real estate operation was part of his and Gates's AAA Roofing partnership, we look to Indiana Code section 23–4–1–6 (2006), which defines a partnership as "an association of two (2) or more persons to carry on as co-owners a business for profit...." A companion statute, Indiana Code section 23–4–1–7(2006), lists rules for determining whether a partnership exists, including subsection (4), which provides as follows:

The receipt by a person of a share of the profits of a business is prima facie evidence that the person is a partner in the business, but no such inference shall be drawn if such profits were received in payment for the following:

(a) As a debt by installments or otherwise.

(b) *As wages of an employee or rent to a landlord.*

(c) As an annuity to a widow or representative of a deceased partner.

(d) As interest on a loan though the amount of payment varies with the profits of the business.

(e) As the consideration for the sale of a goodwill of a business or other property by installments or otherwise.

(Emphasis supplied.)

■■■ As Gates acknowledges, the existence of a partnership is generally a question of fact. *Copenhaver v. Lister*, 852 N.E.2d 50, 58 (Ind.Ct.App.2006). To form a partnership, parties must join together to carry on a trade or adventure for their common benefit, each contributing property or services, and having a community of interest in the profits. *See id.* In addition, to establish a partnership relation between parties, there must be: (1) a voluntary contract of association for the purpose of sharing profits and losses, which may arise from the use of capital, labor, or skill in a common enterprise; and (2) an intention on the part of the parties to form a partnership. *Id.* The intention that controls in determining the existence of a relationship is the legal intention deducible from the acts of the parties. *Id.* The intention to form a partnership must be determined by examining all the facts of the case, and the conduct of the parties reveals their true intentions and the construction they placed upon any agreement. *See id.*

■■■ Gates first challenges the trial court's judgment by claiming that the evi-

dence demonstrates that commonly-owned funds and resources from Gates's and Houston's AAA Roofing partnership were used to acquire and improve the properties at issue. In support of his argument, Gates points to the bankruptcy case *In re K & L, Ltd.*, 741 F.2d 1023, 1030 (7th Cir.1984), which states that real estate bought with partnership funds for partnership purposes may be deemed to be partnership property, regardless of the named title-holder. Here, the trial court specifically found that there was no evidence that the properties at issue were purchased with partnership funds. In addition, the trial court found that there was no written or oral agreement between Houston and Gates regarding the ownership of the properties at issue and that any agreement between the two of them was only to share profits. These findings are supported by the evidence. Houston specifically testified that he acquired the properties of his own accord, with his own funds and credit, and that Gates was not a party to these purchases or liable for their debt. The trial court was within its fact-finding discretion to credit Houston's testimony on this point. To the extent Gates bases his argument on the fact that AAA Roofing expended its resources on the properties, the trial court determined that Houston contributed money and credit to AAA Roofing during this time, presumably as payment for its work on his properties. There is no record of the exact amount paid, nor does Gates point to evidence demonstrating that Houston's contributions to AAA Roofing cannot be construed as payment for its work. We find no clear error on this point.

■ Gates additionally points to the undisputed fact that he shared in the profits generated by the properties as evidence that he was a partner in that enterprise. As Indiana Code section 23–4–1–7(4)

states, the receipt by a person of a share of the profits of a business is prima facie evidence that the person is a partner in the business. However, as subsection 23–4–1–7(4)(b) points out, the inference of the existence of a partnership which is created by such prima facie evidence is overcome if the profits are received in payment as wages to an employee. Here, as the trial court found, Gates's share in the profits was in payment for his work in overseeing the properties and collecting the rents. This finding was supported by the evidence, as Houston testified that Gates's compensation for his individual work on the property was through these split rent profits. The trial court was within its fact-finding discretion to credit this testimony, and we similarly find no clear error on this point.

■ Gates's final claim is that the trial court's ruling essentially amounts to a forfeiture because it causes him to forfeit those funds which he contributed to the properties. As the Indiana Supreme Court has held, forfeitures are generally disfavored by the law. *Skendzel v. Marshall*, 261 Ind. 226, 231, 301 N.E.2d 641, 644 (1973). Gates's claim fails for the simple reason that he has failed to demonstrate that he made any contribution which could be correspondingly forfeited. The trial court found, and we have concluded, that the evidence supports the determination that the properties at issue were purchased exclusively by Houston without any contribution—either through AAA Roofing or otherwise—by Gates. To the extent that Gates and AAA Roofing contributed labor and other work toward these properties, these similarly do not result in forfeiture because the record supports the conclusion that both Gates and AAA Roofing received compensation for such work by Houston. We find no clear error.

Having concluded that Gates has failed to demonstrate clear error, we reject his challenges to the trial court's judgment on the grounds that it is unsupported by the record or results in an inequitable forfeiture.

The judgment of the trial court is affirmed.

RILEY, J., and BAILEY, J., concur.