Crone, Judge, concurring in part and dissenting in part.
[32] Citing Sheehan , 938 N.E.2d at 689, the majority finds that "Franke Plating's delay in giving Cincinnati notice was unreasonable and that prejudice is, therefore, presumed here[,]" and holds that Franke Plating failed to designate sufficient evidence to rebut that presumption. Slip op. at 22, 23. I believe that Deveau's affidavit is sufficient to establish genuine issues of material fact regarding whether Cincinnati was prejudiced by Franke Plating's delay. Denying Franke Plating the coverage that it paid for in the absence of any prejudice to Cincinnati would result in a disproportionate forfeiture, and "forfeitures are generally disfavored by the law."
*269 Gates v. Houston , 897 N.E.2d 532, 536 (Ind. Ct. App. 2008).
[33] For its part, Cincinnati relies on Maplehurst Farms I , in which a divided panel of this Court stated that "where an insured enters into a settlement agreement without the insurer's consent in violation of a voluntary payment provision , that obligation cannot be recovered from the insurer, and prejudice is irrelevant." 953 N.E.2d at 1161 (emphasis added).[16] This begs the question, unanswered by my colleagues, of whether Franke Plating entered into its settlement agreements in violation of the 1987 Policy's voluntary payment provision. Franke Plating argues that it did not, and I believe that it designated enough evidence to establish genuine questions of fact on this issue.[17]
[34] There is a fundamental difference between not being able to recover defense costs and forfeiting the indemnification rights pursuant to the policy. Upon remand, Cincinnati would still be permitted to argue prejudice sufficient to warrant forfeiture of their indemnification obligation, but I do not think that summary judgment on that issue is appropriate on this record. In sum, I would reverse the trial court's entry of summary judgment for Cincinnati, affirm its denial of summary judgment for Franke Plating, and remand for further proceedings.[18]

As did Judge May in her dissent, I disagree with the Maplehurst "majority's apparent premise that after [Dreaded v. St. Paul Guardian Insurance Co. ], reasonableness is no longer a permissible consideration in our analysis of late-notice disputes[,]" because "[s]uch a premise is inconsistent with the explicit language of [Miller v. Dilts ], and nothing in [Dreaded ] suggests reasonableness must, should, or can be disregarded." 953 N.E.2d at 1163 (May, J., dissenting).

The voluntary payment provision in Maplehurst Farms I reads, "No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent. " 953 N.E.2d at 1156 (emphasis added). The italicized phrase is absent from the 1987 Policy in this case. I do not agree with Franke Plating that the absence of this phrase is dispositive of whether it violated the 1987 Policy's voluntary payment provision, but I do believe that it militates against a denial of coverage.

I believe that genuine issues of material fact exist regarding whether the "known loss" doctrine applies to the Wayne Reclamation claim, whether the Atlantic States claim involves "property damage," and whether Franke Plating is entitled to prejudgment interest.